**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH R. LORDAN, SB# 265610
  Email: Joseph.Lordan@lewisbrisbois.com
VINCENT R. FISHER, SB# 276334
  Email: Vincent.Fisher@lewisbrisbois.com
BO KYUNG KIM, SB# 326429
  Email: BoKyung.Kim@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant DECKER ELECTRIC CO., INC., ELECTRICAL CONTRACTORS (erroneously sued herein as Decker Electric Co.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES HICKS, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>        vs.<br><br>DECKER ELECTRIC CO., a California Corporation; and DOES 1-50, inclusive,<br><br>            Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**DEFENDANT DECKER ELECTRIC CO., INC., ELECTRICAL CONTRACTORS' NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441(a), 1446, AND 1367(a)**<br><br>**[FEDERAL QUESTION JURISDICTION]** |

    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

    **PLEASE TAKE NOTICE** that on September 9, 2022, Defendant DECKER ELECTRIC CO., INC., ELECTRICAL CONTRACTORS (erroneously sued herein as Decker Electric Co.), ("Defendant" and/or "Decker Electric"), files this Notice of removal on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a), 1446, and 1367(a) as follows:

                    **COMPLAINT AND TIMELINESS OF REMOVAL**

    1.     On May 11, 2022, Plaintiff Charles Hicks, on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys of record, filed a civil action in the Superior Court of the State of California in and for the County of San Francisco, entitled *Charles Hicks, on behalf of himself and all others similarly situated v. Decker Electric Co., a California Corporation; and Does*

DEFENDANT DECKER ELECTRIC CO., INC., ELECTRICAL CONTRACTORS' NOTICE OF REMOVAL TO FEDERAL COURT

*1-50, inclusive*, San Francisco County Superior Court Case No. CGC-22-599591.  A true and correct copy of the Summons, Proof of Service of Summons, and Complaint are attached as **Exhibit A.**

2.      Plaintiff served Decker Electric with the May 24, 2022, complaint via substitution service, and service was effected on June 3, 2022.  Declaration of David Chad in support of Defendant Decker Electric's Notice of Removal to Federal Court ("Decl. Chad"), ¶ 5.

3.      On July 18, 2022, Plaintiff, by and through his attorneys of record, filed a First Amended Class Action and PAGA Complaint and served it via Notice of Acknowledgement and Receipt ("NAR").  On August 10, 2022, the NAR was returned to Plaintiff via U.S. mail. The NAR is attached hereto as **Exhibit B.**  Pursuant to the Cal. Code Civ. Proc. § 415.30(c), service of a summons is deemed complete on the date that a NAR is executed, if such acknowledgment thereafter is returned to the sender.

4.      The May 11, 2022, complaint did not facially identify Plaintiff as a member of any union, did not facially identify whether a collective-bargaining agreement ("CBA") applied to the putative class, and did not facially identify whether the claims were grounded in a CBA. Each of these characteristics also applies in equal force with respect to the July 18, 2022, amended complaint. Decl. Chad, ¶ 6.

5.      Based on the May 11 complaint, Decker Electric immediately began an investigation of its records to identify whether Plaintiff was a union member; if so, which CBA/s governed his employment; and whether resolution of the claims required interpreting the CBA/s.  Decl. Chad, ¶ 7.

6.      Based on the May 11 complaint and the July 18 amended complaint, respectively, Decker Electric also investigated its records to identify the degree to which CBAs governed potential putative class members and alleged "aggrieved employees," as defined in the respective pleadings, and whether those CBAs, if any, also grounded the claims of such putative class members and alleged aggrieved employees. Decl. Chad, ¶ 8.

7.      On August 11, 2022, Decker Electric completed its investigation and identified Plaintiff as a member of the Local Union 6 International Brotherhood of Electrical Workers, San

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Francisco, California ("Local 6"); identified the governing CBA; and concluded that the Local 6 CBA

2  grounded each of Plaintiff's claims.  Decl. Chad, ¶ 9.

3      8.    Also on August 11, 2022, Decker Electric came to identify other five labor

4  organizations that provided various CBAs governing putative class members and alleged aggrieved

5  employees beyond Plaintiff.  Decker believed that these additional CBAs may grounded the claims

6  insofar as Plaintiff seeks to represent those CBA-governed putative class and alleged aggrieved

7  employees, and it accordingly started an investigation.  Decl. Chad, ¶ 10.

8      9.    On September 7, 2022, Decker Electric completed its investigation and identified a

9  total of 14 CBAs that were in effect during the Class Period and that covered putative class members

10 and alleged aggrieved employees. On the same date, Decker Electric provided last 2 of 14 collective

11 bargaining agreements to Defense Counsel.  Decl. Chad, ¶ 11.

12     10.    This Notice of Removal is filed within the thirty (30) day time limit for removal set

13 forth in 28 U.S.C. § 1446(b)(3).

14                              **VENUE**

15     11.    The Superior Court of the State of California, County of San Francisco, is within the

16 United States District Court for the Northern District of California. Thus, venue in the United States

17 District Court for the Northern District of California is proper under 28 U.S.C. §§ 84 and 1441(a),

18                        **FACTUAL BACKGROUND**

19     12.    Plaintiff Hicks alleges he worked for Decker Electric as a non-exempt employee

20 since approximately 2006. Exh. B ¶ 13.

21     13.    Plaintiff pursues a class action on behalf of himself and the following putative

22 classes: "[a]ll non-exempt employees who work or worked for [Decker Electric] in California" from

23 roughly May 11, 2018, through the date of trial in addition to various sub-classes (the "Putative

24 Class" or "Putative Class Members"). Exh. B ¶ 37.

25     14.    Plaintiff also pursues a claim for PAGA civil penalties against Decker Electric "on

26 behalf of himself and other non-exempt employees" ("Aggrieved Employees"). Exh. B ¶ 85.

27     15.    In addition, the scope of Plaintiff's class claims appears to extend beyond non-

28 exempt employees. *See* Exh. B ¶ 37 (describing the wage statement and waiting time penalty sub-

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4871-8312-5298.1                                3

DEFENDANT DECKER ELECTRIC CO., INC., ELECTRICAL CONTRACTORS' NOTICE OF REMOVAL TO
FEDERAL COURT

1  classes by reference to "[a]ll employees"); *but see* Exh. B ¶ 2 (alleging that "Defendant failed to

2  provide non-exempt employees accurate written itemized wage statements and failed to timely pay

3  final wages upon separation of employment.").

4       16.    The asserted Labor Code violations for the class action are (1) Failure to pay all

5  minimum wages; (2) Failure to pay all overtime wages; (3) Meal period violations; (4) Rest period

6  violations; (5) Wages statement violations; and (6) Waiting time penalties; and (7) Unfair

7  competition. Exh. B ¶¶ 45–83.

8       17.    The alleged Labor Code violations underpinning Plaintiff's PAGA claims are (1)

9  Failure to pay minimum wages; (2) Failure to pay overtime wages; (3) Failure to provide compliant

10  meal periods and provide meal premiums; (4) Failure to provide compliant rest periods and provide

11  rest premiums; (5) Failure to pay wages in a timely manner; and (6) failure to provide accurate wage

12  statements.  Exh. B ¶ 85.

13       18.    The period of time Plaintiff has placed in controversy is May 11, 2018, through trial

14  (the "Class Period").  *See* Exh. B ¶ 37.

15       19.    Approximately over ninety-percent of Decker Electric's current and former hourly

16  paid or non-exempt employees in California during the Class Period are or were members of and

17  represented by labor organizations and these employees' employment is governed by various CBAs.

18  (collectively, the "Union CBAs").  Decl. Chad, ¶ 13.

19       20.    These labor organizations include: (1) Local Union 6 International Brotherhood of

20  Electrical Workers, San Francisco, California; (2) Local Union 302 International Brotherhood of

21  Electrical Workers ("Local 302"); (3) Local Union 332 International Brotherhood of Electrical

22  Workers ("Local 332"); (4) Local Union 595, International Brotherhood of Electrical Workers

23  ("Local 595"); and (5) Local Union 617 International Brotherhood of Electrical Workers AFL

24  CIO ("Local 617"); Decl. Chad, ¶ 14.

25       21.    In 2018, Plaintiff became a member of Local 6.  As such, Plaintiff was a Local 6

26  union member during at least some portion of the Class Period and during that time his employment

27  was governed by the Local 6 CBAs.  Decl. Chad, ¶ 12.

28



22.    **Local 6:** For Plaintiff, Putative Class Members, and Aggrieved Employees who are or were Local 6 members, their current and former employments are or were subject to CBAs.  The CBAs were in effect from June 1, 2014, to May 31, 2018 ("Local 6 CBA (1)"); June 1, 2018, to May 31, 2022 ("Local 6 CBA (2)"); and June 1, 2022, to May 31, 2026 ("Local 6 CBA (3)") (collectively "Local 6 CBAs").  Decl. Chad, **Exh. C, D, and E.**

23.    Local 6 CBAs expressly provide for wages, hours of work, and working conditions of employees. Local 6 CBAs further expressly provide for meal periods for those employees and provide 30-minute paid and unpaid meal periods for shifts that exceed six hour of work, subject to varying conditions.  Decl. Chad, ¶ 15.

24.    Local 6 CBAs provide premium wage rates for all overtime hours worked and a regular hourly rate of pay for covered employees of not less than thirty-percentage more than the state minimum wage rate (overtime provisions and wage tables showing all rates at least thirty-percent greater than the then-current California minimum wage).  Decl. Chad, ¶ 15.

25.    Local 6 CBAs provide weekly wage payment arrangement for its members. Decl. Chad, ¶ 15.

26.    **Local 302:** For Putative Class Members and Aggrieved Employees who are or were Local 302 members, their current and former employments are or were subject to CBAs during the Class Period. The agreements were in effect from June 1, 2015, to May 31, 2018 ("Local 302 CBA (1)"); June 1, 2018 to May 31, 2020 ("Local 302 CBA (2)"); and December 1, 2020 to May 31, 2022 ("Local 302 CBA (3)") (collectively "Local 302 CBAs").  Decl. Chad, **Exhibit F, G, and H.**

27.    Local 302 CBAs expressly provide for wages, hours of work, and working conditions of employees. Local 302 CBAs further expressly provide for meal periods for those employees and provide 30-minute paid and unpaid meal periods for shifts that exceed six hours, subject to varying conditions.  Decl. Chad, ¶ 16.

28.    Local 302 CBAs also provide premium wage rates for all overtime hours worked and a regular hourly rate of pay for covered employees of not less than thirty-percentage more than the state minimum wage rate (overtime provisions and wage tables showing all rates at least thirty-percent greater than the then-current California minimum wage).  Decl. Chad, ¶ 16.

DEFENDANT DECKER ELECTRIC CO., INC., ELECTRICAL CONTRACTORS' NOTICE OF REMOVAL TO FEDERAL COURT

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

29.    Local 302 CBAs provide a weekly wage payment arrangement for its members. Decl. Chad ¶ 16.

30.    **Local 332:** For Putative Class Members and Aggrieved Employees who are or were Local 332 members, their current and former employments are or were subject to CBAs during the Class Period. The agreements were in effect from June 1, 2015, to May 31, 2018 ("Local 332 CBA (1)"); June 1, 2018, to May 31, 2021 ("Local 332 CBA (2)"); and June 1, 2021, to May 31, 2024 ("Local 332 CBA (3)" (collectively "Local 332 CBAs").  Decl. Chad, Exhibits **I, J, and K.**

31.    Local 332 CBAs expressly provide for wages, hours of work, and working conditions of employees. Local 332 CBAs also provide premium wage rates for all overtime hours worked and a regular hourly rate of pay for covered employees of not less than thirty-percentage more than the state minimum wage rate (overtime provisions and wage tables showing all rates at least thirty-percent greater than the then-current California minimum wage).  Decl. Chad, ¶ 17.

32.    Local 332 CBAs also provide weekly wage payment arrangement for its members. Decl. Chad, ¶ 17.

33.    **Local 595:** For Putative Class Members and Aggrieved Employees who are or were Local 595 members, their current and former employments are or were subject to collective bargaining agreements during the Class Period.  The agreements were in effect from June 1, 2016, to May 31, 2019 ("Local 595 CBA (1)"), and June 1, 2019, to May 31, 2023 ("Local 595 CBA (2)" ("collectively Local 595 CBAs").  Decl. Chad, **Exhibits L and M.**

34.    Local 595 CBAs expressly provide for wages, hours of work, and working conditions of employees. Local 595 CBAs also provide premium wage rates for all overtime hours worked and a regular hourly rate of pay for covered employees of not less than thirty-percentage more than the state minimum wage rate (overtime provisions and wage tables showing all rates at least thirty-percent greater than the then-current California minimum wage).  Decl. Chad, ¶ 18.

35.    Local 595 CBAs also provide weekly wage payment arrangement for its members. Decl. Chad, ¶ 18.

36.    **Local 617:** For Putative Class Members and Aggrieved Employees who are or were Local 617 members, their current and former employments are or were subject to collective

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4871-8312-5298.1                            6
DEFENDANT DECKER ELECTRIC CO., INC., ELECTRICAL CONTRACTORS' NOTICE OF REMOVAL TO FEDERAL COURT

1    bargaining agreements during the Class Period.  The agreements were in effect from June 1, 2014,

2    to May 31, 2018 ("Local 617 CBA (1)"); June 1, 2018, to May 31, 2021 ("Local 617 CBA (2)"); and

3    June 1, 2021, to May 31, 2024 ("Local 617 CBA (3)" (collectively "Local 617 CBAs").  Decl. Chad,

4    **Exhibits N, O, and P.**

5         37.    Local 617 CBAs expressly provide for wages, hours of work, and working

6    conditions of employees.  Local 617 CBAs also provide premium wage rates for all overtime hours

7    worked and a regular hourly rate of pay for covered employees of not less than thirty-percentage

8    more than the state minimum wage rate (overtime provisions and wage tables showing all rates at

9    least thirty-percent greater than the then-current California minimum wage).  Decl. Chad, ¶ 19.

10        38.    Local 617 CBAs also provide weekly wage payment arrangement for its

11   members.  Decl. Chad, ¶ 19.

12                          **FEDERAL QUESTION JURISDICTION**

13        39.    This Court has original jurisdiction of this action under 28 U.S.C. § 1331 and this

14   case may be removed pursuant to the provisions of 28 U.S.C. § 1441 (a) because it presents/raises

15   a federal question.

16        40.    In particular, federal question jurisdiction arises out of Plaintiff's claims, which exist

17   solely as a result of the CBA and/or require interpretation of the CBA, and, thus, are completely

18   preempted by federal law under the Labor Management Relation Act ("LMRA").  29 U.S.C. § 185;

19   *Firestone v. S. Cal .Gas. Co.,* 219 F.3d 1063, 1065 (9th Cir. 2000); *Curtis v. Irwin Industries, Inc.,*

20   913 F.3d 1146, 1152 (2019) ("Although normally federal preemption is a defense that does not

21   authorize removal to federal court, § 301 has such extraordinary preemptive power that it converts

22   an ordinary state common law complaint into one stating a federal claim for purposes of the well-

23   pleaded complaint rule.  In other words, a civil complaint raising claims preempted by § 301 raises

24   a federal question that can be removed to federal court.") (internal citation omitted for clarity).

25        41.    Section 301 of the LMRA ("§ 301" or "Section 301") provides that:

26             Suits for violation of contracts between an employer and a labor
               organization representing employees in an industry affecting
27             commerce … may be brought in a district court for the United States
               having jurisdiction of the parties without respect to the amount in
28             controversy or without regard to the citizenship of the parties.

DEFENDANT DECKER ELECTRIC CO., INC., ELECTRICAL CONTRACTORS' NOTICE OF REMOVAL TO
FEDERAL COURT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

29 U.S.C. § 185 (a). To ensure uniform interpretations of collective bargaining agreements, federal common law preempts the use of state contract law in the interpretation and enforcement of collective bargaining agreements. See *Lingle v. Norge Div. of Magic Chef Inc.,* 486 U.S, 399, 411 (1998).

42.     Furthermore, all state law claims alleged by a union-represented employee that require interpretation of a collective bargaining agreement must be brought pursuant to § 301. *Allis-Chalmers Corp. v. Lueck,* 571 U.S. 202, 211 (1985); *Newberry v. Pac. Racing Ass'n,* 854 F. 2d 1142, 1146 (9th Cir. 1988) (concluding "[t]he preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement … any state claim whose outcome depends on analysis of the terms of the agreement."); *see also Voorehees v. Naper Aero Club, Inc.,* 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction").

**PLAINTIFF'S FAILURE TO REFERENCE THE CBA OR SECTION 301 OF THE LMRA IN HIS COMPLAINT DOES NOT PRECLUDE REMOVAL.**

43.     Plaintiff's initial complaint and first amended complaint omit the fact that Plaintiff was a member of a union and that his employment was governed by and was subject to the terms of the CBA while he was employed by Decker Electric. *See* Exh. A and B. However, a plaintiff is not permitted to "artfully plead" to conceal the true nature of his complaint. *Young v. Anthony's Fish Grottos, Inc.,* 830 F. 2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claims was preempted even thought the operative complaint made no mention of a collective bargaining agreement); *Schroeder v. Trans World Airlines, Inc.,* 702 F. 2d 189, 191 (9th Cir. 1983), overruled in part on other grounds by *Moore-Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241 (9th Cir. 2009). Thus, the fact that Plaintiff has not made specific reference to Section 301 or the CBA in his complaint does not preclude removal. See *Milne Employees Ass'n v. Sun Carriers, Inc.* 960 F.2d 1401, 1406 (9th Cir. 1991). The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by § 301. See *Lippitt v. Raymond*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    *James Financial Servs., Inc.,* 340 F.3d 1033, 1041 (9th Cir. 2003).  Additionally, the Court may

2    properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents

3    and to determine if it encompasses an action within federal jurisdiction." *Schroeder,* 702 F.2d at

4    191.

5        44.     An artfully pled state law claim is properly "recharacterized" as a federal claim under

6    the "complete preemption" doctrine, which provides that the preemptive force of Section 301

7    "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-

8    pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams,* 482 U.S.

9    386, 393 (1987); *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 23 (1983)

10   ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes

11   within the scope of the federal cause of action necessarily 'arises' under federal law.").

12       45.     Courts apply a two-part test for determining whether a claim is preempted by § 301.

13   *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007) ("*Burnside*"); also see,

14   *Moreno v. Sysco S.F., Inc.* 2017 U.S. Dist. LEXIS 210425 *5–6 (N.D. Cal. Dec. 21, 2017).  First,

15   the court determines "whether the asserted cause of action involves a right conferred upon an

16   employee by virtue of state law, not by a [collective bargaining agreement]." *Burnside,* at 1059. "If

17   the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends

18   there." *Id.*  If the right exists independent of the CBA, the court turns to the second prong: whether

19   the claim is "substantially dependent on analysis of a collective-bargaining agreement." *Id.*

20   (internal citation and quotation marks omitted).  If the claim does not depend on analysis of a

21   collective bargaining agreement, the claim is not preempted and may proceed under state law.

22   However, if the claim does depend on an analysis of a collective bargaining agreement, the claim is

23   preempted.  *Moreno,* 2017 U.S. Dist. LEXIS 210425 at *5–6.  The court's decision in this regard is

24   based on "whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA."

25   *Burnside,* at 1059.  (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 121 (1994)).

26       46.     Where a statutory exemption to the Labor Code applies, the right exists as a result of

27   the CBA, not the Labor Code.  See *Curtis,* at 1155.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

9

DEFENDANT DECKER ELECTRIC CO., INC., ELECTRICAL CONTRACTORS' NOTICE OF REMOVAL TO
FEDERAL COURT

47.    Section 301 specifically has been held to preempt California state law claims that are substantially dependent upon interpretation of a collective bargaining agreement. *Firestone,* 219 F.3d at 1066-67. This is so even where interpretation was required to evaluate the employer's defense to a plaintiff's state law cause of action. See *Levy v. Skywalker Sound,* 108 Cal. App. 4th 753, 769 (2003) (claim for unpaid wages preempted because it "rest[ed] entirely" on a claim that plaintiff was "entitled … to wages at the level set by the CBA."). Thus, any suit "alleging a violation of provision of a labor contract must be brought under § 301 and be resolved by reference to federal law." *Curtis,* at 1152. ("A state rule that purports to define the meaning or scope of a term in a contract suit therefore is pre-empted by federal labor law."); *Franco v. E-3 Sys.,* No. 19-cv-01453-HSG, 2019 WL 6358947, at *3 (N.D. Cal. Nov. 8, 2019) (rejecting plaintiff's arguments and finding federal question jurisdiction under the LMRA over plaintiff's PAGA claim); *Landy v. Pettigrew Crewing, Inc.,* No. 2:19-cv-07474-RGK-AFM, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019) (finding LMRA preemption regarding plaintiff's Labor Code § 204 claim and extending supplemental jurisdiction for plaintiff's other wage and hour claims because they form the same case and controversy).

48.    As applied, § 301(a) of LMRA wholly preempts any and all purported state law causes of action by an employee concerning a dispute over the terms and conditions of his employment, if the causes of action are "based directly on rights created by a collective bargaining agreement" or required the "interpretation of a collective bargaining agreement." See., *e.g., Aguilera v. Pierlli Armstrong Tire, Corp.,* 223 F.3d 1010, 1015 (9th Cir. Cal. 2000); *Young,* 830 F. 2d at 997–98.

49.    Accordingly, and as discussed further below, Plaintiff's unpaid overtime wages, failure to provide compliant meal periods and rest periods claims are completely preempted for himself, Putative Class, and Aggrieved Employees, whose employments are and were subject to Union CBAs, as the asserted right at issues "exist[] solely as a result of the CBA" or required the "interpretation of a collective bargaining agreement," resulting in grounds for § 301 of LMRA preemption.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

50.    Furthermore, Plaintiff's unpaid minimum wages, inaccurate wage statement, unfair competition, and  PAGA claims are "inextricably intertwined with considerations of the terms of the labor contract" providing grounds for § 301 of LMRA preemption.  *Allis-Chambers,* 471 U.S. at 213.

## FAILURE TO PAY ALL OVERTIME WAGES

51.    The Union CBAs satisfy Labor Code § 514 and its covered employees' rights related to overtime wages exists solely as a result of the applicable CBA.  *Curtis,* at 1155.

52.    Labor Code § 514 provides exception to Labor Code § 512 if a CBA expressly provides (i) wage, hours of work, and working condition of the employees; (ii) premium wage rate for all overtime hours worked; and (iii) employees' regular rate of pay is not less than 30% more than the state minimum. If the CBA qualifies for Labor Code § 514 requirements, the covered employee's right related to overtime wages exists as a result of the CBA, not Labor Code § 512. *Curtis,* at 1155.  Consequently, the CBA-resulting-overtime wage right provide a ground for § 301 preemption.

53.    During the Class Period, the applicable California minimum wages were or are as follows: in 2018, the minimum wage was $11 per hour; in 2019, the minimum wage was $12 per hour; in 2020, the minimum wage was $13 per hour; in 2021, the minimum wage was $14 per hour; and in 2022 the minimum wage is $15 per hour.  Hence, the applicable Labor Code § 514 required wage thresholds during the Purported Class Period are as follows: in 2018, the wage threshold was $14.30 per hour; in 2019, the threshold was $ 15.60 per hour; in 2020, the threshold was $16.90 per hour; in 2021, the threshold was $18.20 per hour; and in 2022, the threshold is $ 19.50 per hour.

54.    **Local 6 CBAs:** Local 6 CBA (1) expressly provides for wages, hours of work, and working conditions of employees. *See e.g.*, Exh. C, Article IV, Sections 1, 2, and 6.  Local 6 CBA (1) also provides premium wage rates for all overtime hours worked.  Decl. Chad, ¶ 15, Exh. C, Article IV, Sections 1, 2, and 4.  It also provides regular hourly rates of pay for covered employees that exceed the then-state minimum wage rates by 30-percentage or more, as Local 6 CBA (1)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  provides wage rates that range from $23.53–$73.53 per hour, subject to $3.25–$3.27 per hour

2  increase each following year from 2015. Exh. C, Article IV, Section 6.

3     55.    Local 6 CBA (2) expressly provides for wages, hours of work, and working

4  conditions of employees. *See e.g.,* Exh. D, Article IV, Sections 1, 2, and 6. Local 6 CBA (2) also

5  provides premium wage rates for all overtime hours worked. Decl. Chad, ¶ 15, Exh. D, Article IV,

6  Sections 1, 2, 4, and 15. It also provides regular hourly rates of pay for covered employees that

7  exceed the then-state minimum wage rates by 30% or more, as Local 6 CBA (2) provides wage

8  rates that range from $28.40–$88.75 per hour, subject to $5.25–$6 per hour each following year

9  from 2018.  Exh. D, Article IV, Section 6.

10    56.    Local 6 CBA (3) expressly provides for wages, hours of work, and working

11 conditions of employees.  *See e.g.,* Exh. E, Article IV, Sections 1, 2, 4, 6, 7, 8, 27, 28, and 29.

12 Local 6 CBA (3) also provides premium wage rates for all overtime hours worked.  Decl. Chad, ¶

13 15, Exh. E, Article IV Sections 2, 4, 27, 28, and 29.  It also provide regular hourly rates of pay for

14 covered employees that exceed the then-state minimum wage rates by 30% or more, as Local 6

15 CBA (3) provides wage rates that range from $33.30 to $104.06 per hour, subject to $5.75 per

16 hour in June 2023; $6.00 per hour in June 2024, and $6.50 per hour in June 2025. Exh. E, Article

17 IV, Section 6 (c).

18    57.    In conclusion, Local 6 CBAs satisfy Labor Code § 514 requirements, resulting in

19 covered employees' overtime wage rights to exist as a result of Local 6 CBAs.

20    58.    **Local 302:** Local 302 CBA (1) expressly provides for wages, hours of work, and

21 working conditions of employees. See *e.g.,* Exh. F, Article III, Sections 1, 2, 3, and 5.  Local 302

22 CBA (1) also provides premium wage rates for all overtime hours worked.  Decl. Chad, ¶ 16; Exh.

23 F, Article III, Sections 1 and 2. It also provides regular hourly rates of pay for covered employees

24 that exceed the then-state minimum wage rates by 30% or more, as Local 302 CBA (1) provides

25 wage rates that range from $18.60–$52.92 per hour, subject to $1.25 per hour increase for each year

26 in February 2016, 2017, and 2018.  Exh. F, Article III, Section 5.

27    59.    Local 302 CBA (2) expressly provides for wages, hours of work, and working

28 conditions of employees. *See e.g.,* Exh. G, Article III, Sections 1, 2, 3, and 5.  Local 302 CBA (2)

also provides premium wage rates for all overtime hours worked. Decl. Chad, ¶ 16, Exh. G, Article III, Sections 1 and 2. It also provides regular hourly rates of pay for covered employees that exceed the then-state minimum wage rates by 30% or more, as Local 302 CBA (2) provides wage rates that range from $19.90–$56.17 per hour, subject to $2 per hour increase for each year in September 2019, February 2019, and March 2020. Exh. G, Article III, Section 5.

60.    Local 302 CBA (3) expressly provides for wages, hours of work, and working conditions of employees. *See e.g.,* Exh. H Article III, Sections 1, 2, 3, and 5. Local 302 CBA (3) also provides premium wage rates for all overtime hours worked. Decl. Chad, ¶ 16, Exh. H, Article III, Sections 1 and 2. It also provides regular hourly rates of pay for covered employees that exceed the then-state minimum wage rates by 30% or more, as Local 302 CBA (3) provides wage rates that range from $19.90–$56.17 per hour, subject to $2 per hour increase for each year in September 2019, February 2019, and March 2020. Exh. H, Article III, Section 5.

61.    In conclusion, Local 302 CBAs satisfy Labor Code § 514 requirements, resulting in the covered employees' overtime wage rights to exist as a result of Local 302 CBAs.

62.    **Local 332:** Local 332 CBA (1) expressly provides for wages, hours of work, and working conditions. *See e.g.,* Exh. I, Sections 3.01, 3.02, 3.04, 3.05, 3.07, 3.08, and 7.01. Local 332 CBA (1) also provides premium wage rates for all overtime hours worked. Decl. Chad, ¶ 17, Exh. I, Sections 3.01, 3.02, and 3.04. It also provides regular hourly rates of pay for covered employees that exceed the then-state minimum wage rates by 30% or more, as Local 332 CBA (1) provides wage rates that range from $25.66–$74.13 per hour, subject to $ 2.75 per hour increase in each year in June 2016 and 2017. Exh. I, Section 3.05 (a).

63.    Local 332 CBA (2) expressly provides for wages, hours of work, and working conditions. *See e.g.,* Decl. Chad, Exh. J, Sections 3.01, 3.02, 3.04, 3.05, 3.06, 3.07, 3.08, 3.18, and 7.01. Local 332 CBA (2) also provides premium wage rates for all overtime hours worked. Decl. Chad Exh. J, Sections 3.01, 3.02, and 3.04. It also provides regular hourly rates of pay for covered employees that exceed the then-state minimum wage rates by 30-percentage or more, as Local 332 CBA (2) provides wage rates that range from $29.48–$85.15 per hour, subject to $5.25 per hour

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4871-8312-5298.1                                      13
DEFENDANT DECKER ELECTRIC CO., INC., ELECTRICAL CONTRACTORS' NOTICE OF REMOVAL TO FEDERAL COURT

1    increase in June 2019 and $5.00 per hour increase in June 2020. Decl. Chad, Exh. J, Section 3.05

2    (a).

3        64.    Local 332 CBA (3) expressly provides for wages, hours of work, and working

4    conditions.  *See e.g.,* Exh. K, Sections 3.01, 3.02, and 3.05. Local 332 CBA (3) also provides

5    premium wage rates for all overtime hours worked.  Decl. Chad, ¶ 17 , Exh. K, Sections 3.01 and

6    3.02.  It also provides regular hourly rates of pay for covered employees that exceed the then-state

7    minimum wage rates by 30-percentage or more, as Local 332 CBA (3) provides wage rates that

8    range from $33.83 - $97.72 per hour.  Exh. K, Section 3.05 (a).

9        65.    In conclusion, Local 332 CBAs satisfy Labor Code § 514 requirements, resulting in

10   covered employees' overtime wage rights to exist as a result of Local 332 CBAs.

11       66.    **Local 595:** Local 595 CBA (1) expressly provides for wages, hours of work, and

12   working conditions. *See e.g.,* Exh. L, Sections 3.01, 3.02, 3.05, 3.06, Appendix A, 3.07, 3.13, 3.14,

13   3.16, 3.17, 3.26, and 3.27. Local 595 CBA (1) also provides premium wage rates for all overtime

14   hours worked. Decl. Chad, ¶ 18, Exh. L, Sections 3.02, 3.13, and 3.26. It also provides regular hourly

15   rates of pay for covered employees that exceed the then-state minimum regular hourly rates by 30%

16   or more, as Local 595 CBA (1) provides wage rates that range from $ 20.96–$65.50 per hour, subject

17   to $2.55 per hour increase in June 2017 and $2.60 per hour increase in June 2018.  Exh. L, Section

18   3.06 and Appendix A.

19       67.    Local 595 CBA (2) expressly provides for wages, hours of work, and working

20   conditions.  *See e.g.,* Exh. M, Sections 3.01, 3.02, 3.06, Appendix A, 3.13, and 3.26. Local 595 CBA

21   (2) also provides premium wage rates for all overtime hours worked.  Decl. Chad, ¶ 18, Exh. M,

22   Sections 3.02, 3.13, and 3.26. It also provides regular hourly rates of pay for covered employees

23   that exceed the then-state minimum wage rates by 30% or more, as Local 595 CBA (2) provides

24   wage rates that range from $ 22.92–$57.30 per hour, subject to $4.35–$4.75 per hour increase in

25   June 1, 2020, 2021, and 2022.  Exh. M, Section 3.06 and Appendix A.

26       68.    In conclusion, Local 595 CBAs satisfy Labor Code § 514 requirements, resulting in

27   covered employees' overtime wage right exists as a result of Local 595 CBAs.

28



69.    **Local 617:** Local 617 CBA (1) expressly provides for wages, hours of work, and working conditions. *See e.g.,* Exh. N, Sections 3.01, 3.02, 3.09, 3.10, and 3.14. Local 617 CBA (1) also provides premium wage rates for all overtime hours worked. Decl. Chad, ¶ 19, Exh. N, Sections 3.02, 3.14, and 3.15. It also provides regular hourly rates of pay for covered employees that exceed the then-state minimum wage rates by 30% or more, as Local 617 CBA (1) provides wage rates that range from $18.37 to $65.63 per hour, subject to $ 3.05 per hour increase in June 2015, 2016, and 2017. Exh. N, Section 3.09 (a).

70.    Local 617 CBA (2) expressly provides for wages, hours of work, and working conditions. *See e.g.,* Exh. O, Sections 3.01, 3.02, 3.04, 3.09, 3.10, 3.14, and 3.15. Local 617 CBA (2) also provides premium wage rates for all overtime hours worked. Decl. Chad, ¶ 19, Exh. O, Sections 3.01, 3.02, and 3.14. It also provides regular hourly rates of pay for covered employees that exceed the then-state minimum wage rates by 30% or more, as 617 CBA (2) provides wage rates that range from $21.35 to $77.78 per hour, subject to $5.00 per hour increase in June 2019 and 2020. Exh. O, Section 3.09 (a).

71.    Local 617 CBA (3) expressly provides for wages, hours of work, and working conditions. *See e.g.,* Exh. P, Sections 3.01, 3.02, and 3.09. Local 617 CBA (3) also provides premium wage rates for all overtime hours worked. Decl. Chad, ¶ 19, Exh. P, Sections 3.01 and 3.02. It also provides regular hourly rates of pay for covered employees that exceed the then-state minimum wage rates by 30% or more, as Local 617 CBA (3) provides wage rates that range from $24.50–$89.24 per hour, subject to $5.90 per hour increase in June 2022 and $6.00 per hour increase in June 2023. Exh. P, Section 3.09 (a).

## FAILURE TO PROVIDE COMPLIANT MEAL PERIOD VIOLATIONS

72.    The Union CBAs govern, among other things, covered union employees' hours of work, working conditions, and compensation for hours worked. *See e.g.,* Exh. C, D, and E, Article IV, Sections, 1, 2, and 6. A resolution of Plaintiff's non-compliant meal period claim requires the Court to interpret, at a minimum, each CBA's provisions related to hours of work, working conditions, and compensation for hours worked. Therefore, Plaintiff's claims are preempted by federal law.

DEFENDANT DECKER ELECTRIC CO., INC., ELECTRICAL CONTRACTORS' NOTICE OF REMOVAL TO FEDERAL COURT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

73.     Plaintiff alleges the following, in pertinent part, related to non-compliant meal period claim:

> Plaintiff and other non-exempt employees were denied compliant and timely 30-minute off-duty meal periods as mandated by California law.   Due to <u>Defendants' uniform meal period policies/practice, Plaintiff and other non-exempt employees were often unable to take timely and uninterrupted 30-minute first meal periods before the end of the fifth hour of work</u>. […] Further, when Plaintiff and other non-exempt employees worked more than 10.0 hours in a shift, <u>they were not always allowed and permitted to take a mandated second meal period before the end of the tenth hour of work</u> in violation of the Labor Code and applicable Wage Orders.

Exh. B ¶ 25 (emphasis added).

74.     **Local 6 CBAs:** Local 6 CBAs provide the following work day schedules for its covered union members:  7:00 A.M.–11:00, 11:30–2:30 P.M.; 7:30 A.M.–11:30, 12:00–3:00 P.M.; and 8:00 A.M.–12:00, 12:30–3:30 P.M.; Exh. C, D, & E, Article IV, Section 1. For Local 6 CBAs, Defendant contends that the 30-minute reservation in each workday schedules (the "30-minute reservation") should be interpreted to mean that the Local 6 union members were provided a 30 minute meal period at 11:00 a.m., 11:30 a.m., 12:00 p.m., respectively. The chief question for interpretation is whether that 30-minute period functions as a meal period based on the intention of Decker Electric and the Local 6 union.

75.     Local 6 CBAs also provide the following, in pertinent part, regarding the overtime and additional meal periods:

> A meal period of thirty (30) minutes shall be allowed on the Employer's time at the end of the regular workday or before the regular workday, if Employees are required to work overtime in excess of two (2) hours.

Exh. C, D, & E, Article IV, Section 2.  Here, Defendant contends that the above-cited Article IV, Section 2 (the "Local 6 Overtime Meal Period Provision") should be interpreted to mean that the Local 6 union members were provided with a second meal period before the end of the tenth hour of work and what specific timing of that second meal break was called for under the CBA in order for that second meal break to have been compliant. Chiefly, this question requires interpretation of the meaning of "the end of the regular workday," what time constitutes "before the regular workday," and the intention of Decker Electric and the Local 6 union as to what they intended the timing of second meal periods to be.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

76.     Whether the 30-minute reservation and Local 6 Overtime Meal Period Provision cover and/or provide for an uninterrupted 30-minute first meal periods before the end of fifth hour of work and/or a second meal period before the end of the tenth hour of work would require this Court to interpret Article IV, Sections 1 and 2 of each Local 6 CBA to resolve Plaintiff's non-compliant meal period claim.  Indeed, this Court would be required to determine whether Defendant and Local 6 intended the 30-minute reservation and Local 6 Overtime Meal Period Provision cover and intended to provide the meal periods Plaintiff has put in controversy. A resolution of Plaintiff's non-compliant meal period claim would not require the Court to merely consult or refer to Local 6 CBAs. On the contrary, the Court would be required to apply a fact-sensitive analysis to determine the meaning of terms, the timing of meal periods, as informed by the intention of the contracting parties, Decker Electric and the Local 6 union. These are questions reserved for federal courts under the LMRA.  *Adames v. Exec Airlines, Inc.,* 258 F.3d 7, 16 (1st Cir. 2001) (finding claims for uncompensated work time preempted when interpretation of a collective bargaining agreement was necessary to determine whether a claim's "factual predicates" give rise to liability).

77.     **Local 302 CBAs:** Local 302 CBAs, in pertinent part, provides the following in regards to its union members' work schedule and meal periods:

> The workweek will start on Monday and conclude on Sunday.  Eight (8) hours per day shall constitute a standard workday between the hours of 7:00 a.m. and 4:30 p.m. Employees shall receive a one-half (1/2) hour lunch break no later than five hours after starting time.

Exh. F, G, & H, Article III, Section 1.  For Local 302 CBAs, Defendant contends that the above-cited Article III, Section 1 (the "Local 302 Meal Period Provision") should be interpreted to mean Local 302 union members were provided with uninterrupted, duty-free meal periods that are not due compensation even if the "lunch break" is counted as part of "the standard workday."  Further, there is an open question as to the timing of the meal period because it is ambiguous as to what is "five hours after starting time" and whether this leaves room for a rolling five-hour block to commence a meal period of whether (in which case "five hours after starting time" would mean "five hours after an employee actually starts to work") or whether a meal period must commence five hours after the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  CBA-designated time of 7:00 a.m. (in which case "five hours after starting time" would mean "five

2  hours after 7:00 a.m. regardless of when the employee actually started to working").

3      78.      Furthermore, Local 302 CBAs, in pertinent part, provides the following in regards to

4  second meal period:

5      Electrical employees shall receive a one-half hour lunch period with pay and meals
       at the expense of the Employer, if the employee is required to work beyond ten (10)
6      consecutive hours (not including the regular one-half hour lunch period), and after
       working each additional four hours.
7
   Exh. F, G, and H, Article III, Section 3. Here, Defendant contends that the above-cited Article III,
8
   Section 3 (the "Local 302 Overtime Meal Period Provision") should be interpreted to mean Local
9
   302 union members were provided with a second meal period on shifts longer than 10.5 hours.
10
   Based on ambiguities in the first meal period provision (noted above), there is ambiguity as to the
11
   timing of second meal periods, and this Court would have to construe, at the least, what timing is
12
   involved by the phrase "and after working each additional four hours."
13
       79.      Whether the Local 302 Meal Period Provision and/or Overtime Meal Period
14
   Provision carry the meanings laid out above, or some other meaning, would require this Court to
15
   interpret Local 302 Meal Period Provision and/or Overtime Meal Period Provision to resolve
16
   Plaintiff's non-compliant meal period claim as to putative class members and aggrieved employees
17
   who are or were Local 302 members. Rather than merely consulting or referring to the CBA, this
18
   Court would be required to apply a fact-sensitive analysis to determine whether the Local 302 Meal
19
   Period Provision and/or Overtime Meal Period Provision provide the meal periods Plaintiff claims
20
   were denied to Local 302 employees in this litigation. These are questions reserved for federal court
21
   under the LMRA. *Adames,* at 16.
22
       80.      **Local 332 CBAs:** Local 332 CBAs, in pertinent part, provide the following in
23
   regards to its employees' work schedule and meal periods:
24
25     **Section 3.01 (a):** The Normal Work Week shall be forty (40) hours, Monday through
       Friday (excluding Saturday and Sunday). Eight (8) hours work between the hours of
26     8:00 AM and 4:30 PM with thirty (30) minutes for lunch period between 11:00 AM
       and 12:30 PM constitutes a normal work day Monday through Friday (excluding
27     Saturday and Sunday). The lunch period shall be established by the first worker
       employed by the job site.
28

DEFENDANT DECKER ELECTRIC CO., INC., ELECTRICAL CONTRACTORS' NOTICE OF REMOVAL TO
FEDERAL COURT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    **Section 3.01 (b):** The Shop or Job workday may be adjusted to start specifically at
2    7:00, 7:30, or 8:00 AM, with a half-hour lunch break occurring four (4) hours from
     the start of the workday.

3    Exh. I, J, & K, Section 3.01 (a); Exh. I, Section 3.01 (b); for Local 332 CBA (2) and (3), Section

4    3.01 (b) states the following:

5
6    **Section 3.01 (b):** The Shop or Job workday may be adjusted to start specifically at
     7:00, 7:30, or 8:00 AM, with a half-hour lunch break occurring within five (5) hours
     from the start of the workday.
7

8    Exh. J & K, Section 3.01 (b).  For Local 332 CBAs, Defendant contends that Section 3.01 (a)  and

9    (b) (the "Local 332 Meal Period Provision") require interpretation of the clause "The lunch period

10   shall be established by the first worker employed by the job site." Defendant contends that this

11   clause refers to the duty of the most senior Local 332 worker onsite to signal the start and end of the

12   meal period, meaning, among other things, that putative class members and aggrieved employees

13   who are or were Local 332 members were responsible for providing each other with timely meal

14   periods. Defendant, acknowledges, however, that there are potential other meanings that impact the

15   Plaintiff's meal periods. "The lunch period shall be established by the first worker employed by the

16   job site" suggests that "the first worked employed by the job site" has some degree of discretion in

17   "establish[ing]" conditions of the meal period, whereas Defendant's proffered reading earlier

18   pertains to the timing of meal periods. If "The lunch period shall be established by the first worker

19   employed by the job site" refers to the first worker establishing conditions that apply during the

20   meal period, that would bears on Plaintiff's claims that Local 332 workers were not provided with

21   off-duty meal periods, but it would undercut Defendant's liability because, per the CBA, this reading

22   suggests that putative class members and aggrieved employees who are or were Local 332 members

23   were responsible for the intra-break conditions, including "establish[ing]" conditions such as

24   uninterrupted meal periods and duty-free breaks. These factors bear on Plaintiff's claims that unpaid

25   wages are due for Local 332 who worked off-the-clock during meal periods. Alternatively, "The

26   lunch period shall be established by the first worker employed by the job site" may mean that

27   notwithstanding the prefatory clause outlining the timing of a meal period as beginning at 11:00

28   AM, the meal period cannot start until "first worker employed by the job site" "establish[es]" the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   meal period by taking his or her meal period, thus allowing other workers to also start their meal

2   periods. These are questions of construction that are within the jurisdiction of this Court under §

3   301.

4          81.     Furthermore, Local 332 CBAs, in pertinent part, provide the following regarding the

5   overtime and additional meal period:

> Section 3.02 (c): When overtime is required by the Employer, the electrical employees shall receive a one-half (1/2) hour meal period with pay after the first two (2) hours of overtime work when overtime is required beyond that two (2) hour period.  After each additional four (4) hours of overtime is worked, the employee shall receive a one-half (1/2) hour meal period with pay when overtime is required beyond that four (4) hours period.  This is not applicable to the first eight (8) hours worked on Saturdays, Sundays, or Holidays.

Exh. I, J, & K, Section 3.02 (c).  Here, Defendant contends that Section 3.02 (c) (the "Local 332

Overtime Meal Period Provision") requires this Court to interpret the CBA and identify what rules

apply "to the first eight (8) hours worked on Saturdays, Sundays, or Holidays."  Further, this Court

would need to interpret this provision to identify whether it embodies an obligation to have provided

Local 332 electrical employees with a second  meal period before the end of the tenth hour of work.

          82.     Whether the Local 332 Meal Period Provision and/or Overtime Meal Period

Provision should be interpreted in the foregoing manner, or in another manner, would require this

Court to interpret Local 332 Meal Period Provision and/or Overtime Meal Period Provision to

resolve Plaintiff's non-compliant meal period claim. Rather than merely consulting or referring to

the CBA, this Court would be required to apply a fact-sensitive analysis to determine the rights and

duties on the Parties relative to Plaintiff's meal period claim on behalf of Local 332 workers.  These

are questions reserved for federal court under the LMRA. *Adames,* at 16.

          83.     **Local 595 CBAs:** Local 595 CBAs, in pertinent part, provide the following in

regards to its employees' work schedule and meal periods:

> Eight (8) hours work between the hours of 7:00 a.m. and 4:30 p.m., with thirty-(30) minutes for lunch period between 12:00 p.m. and 12:30 p.m., shall constitute the workday.  Five (5) such days, Monday through Friday, shall constitute the workweek. Starting time may be varied by non-more than one (1) hour by mutual consent of the parties.

1 Exh. L & M, Section 3.01 (a).  Defendant contends that the above-cited Section 3.01 (a) (the "Local
2 595 Meal Period Provision") should be interpreted to mean that the Local 595 union members were
3 provided with a first meal period at noon, but that putative class member and alleged aggrieved
4 employees who are or were Local 595 members could vary that by agreement; however, this Court
5 must interpret what constitutes "mutual consent" sufficient for a variance to have validity. This
6 impacts the factors on both class certification and damages (e.g., individual inquiries as to whether
7 a putative class member who is or was a Local 595 member did or said something sufficient to
8 trigger a variance and thus eliminating Defendant's liability for that potentially otherwise non-
9 compliant meal period).

10        84.     Furthermore, Local 595 CBAs, in pertinent part, provide the following regarding
11 overtime and additional meal periods:

12          When workers are required by the Employer to continue to work beyond one (1) hour
            after the scheduled quitting time, they shall receive a one-half (1/2) hour lunch
13          period, with pay, after the first two (2) hours of overtime worked when such overtime
            work is required beyond such two (2) hour period, and another one-half (1/2) hour
14          lunch period, with pay, after each additional four (4) hours of overtime worked when
            overtime is required beyond such four (4) hour period.
15

16 Exh. L& H, Section 3.02 (f).  Here, Defendant contends that the above-cited section 3.02 (f) (the
17 "Local 595 Overtime Meal Period Provision") should be interpreted to mean that Local 595 union
18 members were provided with a second meal period before the end of the tenth hour of work.

19        85.     Whether the Local 595 Meal Period Provision and/or Overtime Meal Period
20 Provision involve the meanings describe above requires this Court to interpret Local 595 Meal
21 Period Provision and/or Overtime Meal Period Provision to resolve Plaintiff's non-compliant meal
22 period claim. Rather than merely consulting or referring to the CBA, this Court would be required
23 to apply a fact-sensitive analysis to determine whether the Local 595 Meal Period Provision and/or
24 Overtime Meal Period Provision provide the uninterrupted 30-minute first meal periods and/or the
25 "mandated second meal period before the end of the tenth hour of work," which are questions
26 reserved for federal court under the LMRA. *Adames,* at 16.

27        86.     **Local 617 CBAs:** Local 617 CBA (1) and (2) provide, in pertinent part, provide the
28 following regarding its union members' work schedule and meal period:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4871-8312-5298.1                                           21
DEFENDANT DECKER ELECTRIC CO., INC., ELECTRICAL CONTRACTORS' NOTICE OF REMOVAL TO
FEDERAL COURT

> Eight (8) consecutive hours of work between the hours of 7:00 a.m. and 4:30 p.m. with thirty (30) minutes for a lunch period between 12:00 Noon and 12:30 p.m. shall constitute a work day.  Five (5) such days, Monday through Friday, shall constitute a work week.

Exh. N, & O, Section 3.01 (a).  Local 617 CBA (3), in pertinent part, provides the following for its employees' work schedule and first meal period:

> Eight (8) consecutive hours of work between the hours of 7:00 a.m. and 4:30 p.m. shall constitute a workday.  […] There shall be a thirty (30) minute lunch break beginning no later than five (5) hours after the start of work on any shift, including Saturdays, Sundays, and Holidays.

Exh. P, Section 3.01 (a).  Defendant contends that the above-cited Section 3.01 (a) (the "Local 617 Meal Period Provision") should be interpreted to mean that the Local 617 union members were provided with an uninterrupted 30-minute meal period for their regular eight (8) hour shifts. Further, the phrase "after the start of work" requires interpretation as to whether that phrase means five hours after 7:00 a.m. or whether it means five hours after employees actually started to work, even if not precisely at 7:00 a.m.

87.     Furthermore, Local 617 CBAs, in pertinent part, provide the following regarding overtime and additional meal periods:

> Section 3.02 (c): When workers are required to work overtime in excess of two (2) hours, after having worked an eight (8) hour shift, they shall be allowed a thirty (30) minute lunch period on the Employer's time.

> Section 3.02 (d): Employees working overtime shall receive a lunch period of thirty (30) minutes on the Employer's time every four (4) hours.

Exh. N, O, & P, Section 3.02 (c) and (d).  Here, Defendant contends that above-cited Section 3.02 (c) and (d) (the "Local 617 Overtime Meal Period Provision") should be interpreted to mean that Local 617 union members were provided with a second meal period before the end of the tenth hour of work.

88.     Whether the Local 617 Meal Period Provision and/or Overtime Meal Period Provision carry the foregoing meaning, or something else, requires this Court to interpret Local 617 Meal Period Provision and/or Overtime Meal Period Provision to resolve Plaintiff's non-compliant meal period claim. Rather than merely consulting or referring to the CBA, this Court would be

1   required to apply a fact-sensitive analysis to determine the meaning of the meal period rules and

2   thereby adjudicate the Parties' rights and remedies under the Local 617 CBA relative to the meal

3   periods claims at issue.  These are questions reserved for federal court under the LMRA.  *Adames,*

4   at 16.

5                    **FAILURE TO PROVIDE COMPLIANT REST PERIOD VIOLATIONS**

6          89.    A resolution of Plaintiff's non-compliant rest period claim requires the Court to

7   interpret, at a minimum, applicable CBA's provision related to hours of work and compensation for

8   hours worked.  Therefore, Plaintiff's claims are preempted by federal law.

9          90.    Plaintiff alleges the following, in pertinent part, related to non-compliant rest period

10  claim:

11         Plaintiff and other non-exempt employees were not provided with all 10-minute rest
           periods for every four hours worked, or major fraction thereof due to Defendants'
12         uniform rest period policies/practices and work demands. Plaintiff and other non-
           exempt employees were and are routinely unable to take a net 10-minute duty free
13         rest periods for every major fraction of four hours worked. This includes a second
           rest period for shifts in excess of six hours, and a third rest period for shifts in excess
14         of 10 hours in a workday.

15         Each time Plaintiff and other non-exempt employees were unable to take a compliant
           rest periods, Defendant failed and continues to fail to adequately pay rest period
16         premium payments at the "regular rate of pay" as required by Labor Code § 226.7.

17  Exh. B ¶ 28 & 30.

18         91.    **Local 302 CBAs:** Local 302 CBAs, in pertinent part, provide the following regarding

19  the rest periods:

20
           Every employer shall authorize and permit all employees to take rest periods which
21         insofar as practicable, shall be in the middle of each work period.  Nothing in this
           provision shall prevent an employer from staggering rest periods to avoid
22         interruption in the flow of work and to maintain continuous operations, or from
           scheduling rest periods to coincide with breaks in the flow of work that occur in the
23         course of the workday. The authorized rest period time shall be based on the total
           hours worked or major fraction thereof. Rest periods shall take place at employer-
24         designated areas, which may include or be limited to the employees' immediate work
           area.
25
           Rest periods need not be authorized in limited circumstances where the disruption of
26         continuous operations would jeopardize the product or process of the work.
           However, the employer shall make up the missed rest period within the same
27         workday or compensate the employee for the missed ten (10) minutes of rest time at
           his/her regular rate of pay within the same pay period.
28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

A rest period need not be authorized for  employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this agreement, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided.

Exh. F, G, & H, Article III, Section 1.  Defendant contends that the above-cited Article III, Section 1 (the "Local 302 Rest Period Provision") requires interpretation as to key provisions. First, the Local 302 provisions above allow for "staggering … to avoid interruption in the flow of work and to maintain continuous operations, or from scheduling rest periods to coincide with breaks in the flow of work that occur in the course of the workday." This Court must interpret what facts suffice to present, *inter alia*, an "interruption in the flow of work" to justify staggering. Further, the provision rest periods "need not be authorized in limited circumstances where the disruption of continuous operations would jeopardize the product or process of the work."  This Court would have to engage in a fact-intensive analysis of interpretation to determine what facts constitute the "limited circumstances where the disruption of continuous operations would jeopardize the product or process of the work."

92.    Whether the Local 302 Rest Period Provision involve the foregoing is a question of interpretation over terms in the CBA, which is a question reserved for federal courts under the LMRA.  *Adames,* at 16.

93.    **Local 595 CBAs:** Local 595 CBAs, in pertinent part, provide the following regarding the rest periods:

Rest periods shall be allowed and shall be in compliance with California Industrial Welfare Commission wage orders. If food and/or liquids are not allowed in a building due to owner or general contractor mandate, employees shall be allowed adequate time to take a ten minute net rest time at a designated location(s) determine by the employer to allow for the rest and consuming of food and/or liquid.

Exh. L & M, Section 3.27.  Defendant contends that the above-cited Section 3.27 (the "Local 595 Rest Period Provision") requires interpretation in scenarios where food and/or liquids are not allowed in a worksite as to whether the 10-minute rest period commence at the start of the break or

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  once the employees has reached "a designated location(s) determine by the employer to allow for

2  the rest and consuming of food and/or liquid."

3        94.    Whether the Local 595 Rest Period Provision carries the above meanings, or

4  something else, requires this Court to interpret the Local 595 Rest Period Provision to resolve

5  Plaintiff's non-compliant rest period claim. Rather than merely consulting or referring to Local 595

6  CBAs, this Court would be required to apply a fact-sensitive analysis to determine the meaning of

7  the above rest period provisions, which is a question reserved for federal courts under the LMRA.

8  *Adames,* at 16.

9        95.    **Local 617 CBAs:** Local 617 CBAs, in pertinent part, provide the following regarding

10  its employees' rest periods:

11
12        Every employer shall authorize and permit all Employees to take rest periods. Rest periods may be staggered to avoid interruption in the flow of work. The authorized

13        rest period time shall be based on the total hours worked daily at the rate of 10 minutes rest break during each 4 hours worked, or major fraction thereof. Rest periods shall take place at employer-designated areas, which may include or be

14        limited to the employees immediate work place.

15  Exh. N, O, & P, Section 3.01 (a). Defendant contends that the above-cited Section 3.01 (a) (the

16  "Local 617 Rest Period Provision") should be interpreted to mean that Local 617 union members

17  were provided with 10-minute rest periods for every four hours worked, or major fraction thereof.

18  Similar to an earlier CBA provision containing the "avoid interruption" provision, insofar as

19  litigation were to identify interruptions that impact rest periods, this Court would need to interpret

20  the CBA, including based on the contracting intent between Defendant and the Local 617 to

21  identify what "interruptions" sufficed, if at all, to deviate from the timing requirements.

22        96.    Whether the Local 617 Rest Period Provision involves the above-described

23  meaning would require this Court to interpret the Local 617 Rest Period Provision to resolve

24  Plaintiff's non-compliant rest period claim. Rather than merely consulting or referring to Local

25  617 CBAs, this Court would be required to apply a fact-sensitive analysis to determine the

26  meaning and intent behind the rest period provision, something that is reserved for federal courts

27  under the LMRA. *Adames,* at 16.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**SUPPLEMENTAL JURISDICTION**

97.     Under 28 U.S.C. § 1367 (a), this Court has supplemental jurisdiction over Plaintiff's unpaid minimum wage, inaccurate wage statement, waiting time penalties, unfair competition, and PAGA claims that are not address above, as these claims are derivative of Plaintiff's unpaid overtime wages, and non-compliant meal and rest period claims.  Thus, Plaintiff's unpaid minimum wage, inaccurate wage statement, waiting time penalties, unfair competition, and PAGA claims are subject to § 301 removal for the same reasons discussed above for Plaintiff's unpaid overtime wages, and non-compliant meal and rest period claims. *See e.g.,* Exh. B ¶¶ 16, 17, 27, 30, 32, 36, 68, 76, 79, 80, and 85.

98.     Plaintiff's claims related to failure to pay minimum and overtime wages, failure to provide compliant meal period claims, and failure to pay wages in a timely manner are the principal claims that provide grounds for LMRA § 301 preemption. Thus, his unfair competition cause of action is derivative of the above-listed principal claims warranting supplemental jurisdiction.

99.     Likewise, Plaintiff's inaccurate wage statement and failure to provide wages in a timely manner claims.  Exh. B, ¶¶ 68 and 89.  Thus, these claims are preempted through the principal claims that provide grounds for LMRA § 301 preemption.

100.    In sum, Plaintiff broadly challenges the employment policies and practices at Decker Electric and asserts those policies and practices violated Labor Code requirements; the core of Plaintiff's dispute is that Decker Electric alleged engaged in various of the Labor Code, but the true dispute actually stems from rights and obligations set out in the governing CBA. Plaintiff's state law causes of action are so related to the federal claim so as to form part of the same case or controversy under Article III of the United States Constitution. As such, supplemental jurisdiction is appropriate.

**COMPLIANCE WITH STATUTORY REQUIREMENTS**

101.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and a Notice to Adverse Party of this Removal is being served upon Plaintiff through his attorney of record and upon the Clerk of the Superior Court for the State of California, County of San Francisco.

102.    The defendants that Plaintiff designates as Does 1 through 100 are fictitious

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT DECKER ELECTRIC CO., INC., ELECTRICAL CONTRACTORS' NOTICE OF REMOVAL TO FEDERAL COURT

1   defendants. To Defendant's knowledge, they have not been served and therefore do not have to join

2   in the Notice of Removal. See *Salveson v. Western States Bankcard Assoc.* 731 F.2d 1432, 1429

3   (9th Cir. 1984), superseded by statute on unrelated grounds as noted in *Ethridge v. Harbor House*

4   *Rest.*, 861 F.2d 1389, 1392 n. 3 (9th Cir. 1988).

5        **WHEREFORE,** Defendant respectfully prays that this Notice of Removal be deemed good

6   and sufficient, and that Case No. CGC-22-600391 be removed from the Superior Court of California,

7   County of San Francisco, to the docket of this Honorable Court.

8

9   DATED:  September 9, 2022                    LEWIS BRISBOIS BISGAARD & SMITH LLP

10                                        By:   */s/ Bo Kyung Kim*
                                               Joseph R. Lordan
11                                             Vincent R. Fisher
                                               Bo Kyung Kim
12                                             Attorneys for Defendant DECKER ELECTRIC CO.,
                                               INC., ELECTRICAL CONTRACTORS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



DEFENDANT DECKER ELECTRIC CO., INC., ELECTRICAL CONTRACTORS' NOTICE OF REMOVAL TO
FEDERAL COURT

1

**CERTIFICATE OF SERVICE**
***Charles Hicks v. Decker Electric Co., et al.***
UCSD-ND, San Francisco Division Case No.

2

3    STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

4           At the time of service, I was over 18 years of age and not a party to this action.  My business
address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872. I am employed in the office

5    of a member of the bar of this Court at whose direction the service was made

6           On September 9, 2022, I served a true copy of the following document:

7    **DEFENDANT DECKER ELECTRIC CO., INC., ELECTRICAL CONTRACTORS' NOTICE OF
REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441(a), 1446, and 1367(a)**

8

9           I served the document on the following person at the following address (including a fax
number and email address, if applicable):

10

| | |
|---|---|
| Mehrdad Bokhour<br>Bokhour Law Group P.C.<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, CA  90067<br>***Attorneys for Plaintiff Charles Hicks and the***<br>***Putative Classes*** | Tel:  310.975.1493<br>Fax:  310.675.0861<br>Email: mehrdad@bokhourlaw.com |

11

12

13

14

15           The document was served by the following means:

16    ☒ **(BY COURT'S CM/ECF SYSTEM)** The document was served by CM/ECF (excluding those
not registered for CM/ECF who were served by mail or email, if applicable).

17    ☒ **(BY EMAIL OR ELECTRONIC TRANSMISSION)**  Based on a court order or an agreement
of the parties to accept service by email or electronic transmission, I caused the document to be sent

18    from email address jennifer.marigmen@lewisbrisbois.com to the person at the email address listed
above. I did not receive, within a reasonable time after the transmission, any electronic message or

19    other indication that the transmission was unsuccessful.

20           I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.

21

22    Dated:  September 9, 2022                    */s/ Jennifer Marigmen*
                                                  Jennifer Marigmen

23

24

25

26

27

28

4871-8312-5298.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

RECEIVED

MAY 3 1 2022

BY:

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DECKER ELECTRIC CO., a California Corporation; and DOES 1-50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHARLES HICKS, on behalf of himself and all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: CIVIC CENTER COURTHOUSE | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* 400 McAllister Street San Francisco, California 94102 | CGC-22-599591 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mehrdad Bokhour, Esq. (SBN:285256) 1901 Avenue of the Stars, Suite 450, LA, CA 90067; (310) 975-1493

| DATE: *(Fecha)* 05/12/2022 | Clerk, by *(Secretario)* | KAREN VALDES | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Decker Electric Co. a California Corporation

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Mehrdad Bokhour, Esq. (SBN: 285256)<br>BOKHOUR LAW GROUP, P.C.<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067<br>TELEPHONE NO.: (310) 975-1493    FAX NO.: (310) 675-0861<br>ATTORNEY FOR *(Name)*: Plaintiff, Charles Hicks | **ELECTRONICALLY**<br>**FILED**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**05/11/2022**<br>**Clerk of the Court**<br>BY: KAREN VALDES<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN FRANCISCO**
STREET ADDRESS: **400 McAllister Street**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Francisco, CA 94102**
BRANCH NAME: **Civic Center Courthouse**

| CASE NAME:<br>**Charles Hicks v. Decker Electric Co.** | |
|---|---|

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CGC-22-599591**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties    d. [✓] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*:  Seven (7)
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: **May 11, 2022**
**Mehrdad Bokhour, Esq.**
_____
(TYPE OR PRINT NAME)          ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

1  **FALAKASSA LAW, P.C.**
2  Joshua S. Falakassa, CA Bar No. 295045
   *josh@falakassalaw.com*
3  1901 Avenue of the Stars, Suite 450
   Los Angeles, California 90067
4  Tel: (818) 456-6168; Fax: (888) 505-0868

5  **BOKHOUR LAW GROUP, P.C.**
   Mehrdad Bokhour, Esq., CA Bar No. 285256
6  *mehrdad@bokhourlaw.com*
   1901 Avenue of the Stars, Suite 450
7  Los Angeles, California 90067
8  Tel: (310) 975-1493; Fax: (310) 675-0861

9  Attorneys for Plaintiff and the Putative Classes

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**05/11/2022**
Clerk of the Court
BY: KAREN VALDES
Deputy Clerk

10

11                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                **FOR THE COUNTY OF SAN FRANCISCO**

                                                    **CGC-22-599591**

13  CHARLES HICKS, on behalf of himself and all       CASE NO.:
    others similarly situated,
14                                                     **CLASS ACTION COMPLAINT FOR:**
15              Plaintiff,
                                                       (1)   FAILURE TO PAY ALL MINIMUM
16         v.                                                 WAGES;
17  DECKER   ELECTRIC   CO.,   a   California          (2)   FAILURE TO PAY ALL OVERTIME
    Corporation; and DOES 1-50, inclusive.                    WAGES;
18              Defendants.                             (3)   MEAL PERIOD VIOLATIONS;
19                                                     (4)   REST PERIOD VIOLATIONS;
20                                                     (5)   WAGE STATEMENT VIOLATIONS;
21                                                     (6)   WAITING TIME PENALTIES; and
22                                                     (7)   UNFAIR COMPETITION (BUSINESS
23                                                           AND PROFESSIONS CODE § 17200
                                                             ET SEQ.)
24
25                                                     **DEMAND FOR JURY TRIAL**
26
27
28

                          **CLASS ACTION COMPLAINT**

1    Plaintiff Charles Hicks ("Plaintiff") on behalf of himself, and all other similarly situated non-

2   exempt employees, alleges and complains of defendant Decker Electric Co., Inc., and DOES 1 to 50

3   (collectively, "Defendants") and each of them, as follows:

4                                        **INTRODUCTION**

5       1.   Defendant Decker Electric Co., Inc. is an electrical contractor servicing the Bay Area

6   of California. Plaintiff brings this class action against Defendant for alleged violations of the

7   California Labor Code and Business and Professions Code.

8       2.   As set forth below, Plaintiff alleges that Defendants failed to pay for all hours worked

9   due to its failure to accurately record time entries, and by automatically deducted 30 minutes for meal

10  periods. Plaintiff further alleges that Defendants failed to include all forms of compensation,

11  including, but not limited to, non-discretionary bonuses, incentive pay, and other forms of

12  remuneration when calculating the "regular rate of pay" used in payment of overtime wages. Plaintiff

13  also alleges that Defendants' meal and rest period policies and practices did not allow and permit all

14  compliant/timely meal and rest periods or pay premium wages at the "regular rate of pay" in lieu

15  thereof. Additionally, Plaintiff alleges that Defendants failed to provide non-exempt employees with

16  accurate written itemized wage statements and failed to timely pay all final wages upon separation of

17  employment. Based on these alleged Labor Code violations, Plaintiff now brings this class action to

18  recover unpaid wages, restitution, penalties, and other related relief on behalf of himself and all others

19  similarly situated.

20                                 **JURISDICTION AND VENUE**

21      3.   Plaintiff, on behalf of himself and all others similarly situated employees hereby brings

22  this class action for recovery of unpaid wages and penalties under California Labor Code §§ 201-

23  203, 204, 210, 221, 226(a), 226(e), 226.3, 226.7, 227.3, 510, 512, 516, 1174, 1174.4, 1194, 1194.2,

24  1197.1, 1199, and applicable Industrial Welfare Commission Wage Orders ("Wage Orders"), in

25  addition to seeking declaratory relief and restitution pursuant to California Business and Professions

26  Code § 17200, *et. seq.*

27      4.   This class action is brought pursuant to California Code of Civil Procedure § 382.

28      5.   This Court has jurisdiction over Defendants' violations of the California Labor Code

                                               2
                                  **CLASS ACTION COMPLAINT**

1    and applicable Wage Orders because the amount in controversy exceeds this Court's jurisdictional

2    minimum.

3        6.    Venue is proper in this judicial district pursuant to California Code of Civil Procedure

4    §§ 395(a) and 395.5, Defendants principal place of business is 1282 Folsom Street, San Francisco

5    California within the County of San Francisco, and/or otherwise are found within the County of San

6    Francisco, and Defendants are within the jurisdiction of this Court for purposes of service of process.

7                                    **PARTIES**

8        7.    At all relevant times herein, Plaintiff, who is over the age of 18, was and currently is a

9    California resident residing in the State of California. Defendants employed Plaintiff as a non-exempt

10   employee in San Francisco, California in the County of San Francisco.

11       8.    Plaintiff is informed and believes and thereon alleges that defendant Decker Electric

12   Co., Inc. is a California corporation authorized to and doing business in California, and is and/or was

13   the legal employer of Plaintiff and the Class Members during the applicable statutory periods.

14   Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein and has

15   been deprived of the rights guaranteed to him by California Labor Code §§ 201-203, 204, 210, 221,

16   226(a), 226(e), 226.3, 226.7, 227.3, 510, 512, 516, 1174, 1174.4, 1194, 1194.2, 1197.1, 1199, and the

17   California Business and Professions Code § 17200 *et seq.*, and applicable Wage Orders.

18       9.    Plaintiff is informed and believes, and based thereon alleges, that during the four years

19   preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to

20   do) business in the State of California, County of San Francisco.

21       10.   Plaintiff does not know the true names or capacities, whether individual, partner, or

22   corporate, of the defendants sued herein as DOES 1 to 50, inclusive, and for that reason, said

23   Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to

24   amend this Complaint when such true names and capacities are discovered. Plaintiff is informed, and

25   believes, and thereon alleges, that each of said fictitious defendants, whether individual, partners, or

26   corporate, were responsible in some manner for the acts and omissions alleged herein, and

27   proximately caused Plaintiff and the Classes to be subject to the unlawful employment practices

28   alleged herein.

                                        3
                            **CLASS ACTION COMPLAINT**

11.    Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Classes. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

12.    At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all members of the Classes.

## COMMON FACTUAL ALLEGATIONS

13.    Defendants are an electrical contractor servicing the Bay Area of California. Plaintiff was employed by Defendants as a non-exempt employee with the title of material handler. Plaintiff began working with Defendants from approximately 2006 until his separation from employment on December 3, 2021. Plaintiff and other non-exempt employees (including, but not limited to electricians, material handlers, janitorial staff, and other non-exempt positions) were responsible for all aspects of Defendants' business in California.

14.    First, at all relevant times, Defendants have had a consistent practice of failing to accurately record Plaintiff and other non-exempt employees' time entries, and/or unevenly rounding/shaving non-exempt employees' time entries, resulting in a failure to pay all hours worked. As a result of this practice, Plaintiff and other non-exempt employees are not compensated for all the hours that they work and all of the overtime hours they work, in violation of Labor Code §§ 204, 210, 510, 1194, 1197.1, 1199, and applicable Wage Orders.

15.    Here, Defendants' time recording practice is not neutral on its face or in its application as Plaintiff and other non-exempt employees are subject to discipline, including termination for being

4

**CLASS ACTION COMPLAINT**

tardy in reporting to work, or returning from a meal or rest period. Moreover, because Defendants are capable of tracking the time worked by non-exempt employees to the minute, the policy itself exists not for the convenience or benefit of the employees who are trying to report their time on timecards or otherwise, but for Defendants' benefit.

16.     Further, at all relevant times, Defendants have had a payroll policy/practice which automatically deducts 30 minutes for meal periods, regardless of whether a complaint 30-minute meal period was provided. As a result, over a period of time, Plaintiff and other non-exempt employees were not properly paid for all hours worked in violation of Cal. Labor Code §§ 204, 210, 510, 1194, 1197.1, 1199, and applicable Wage Orders.

17.     Additionally, as a result of the unlawful time recording and rounding practice, Plaintiff and other non-exempt employees were not properly paid at the correct overtime rate for hours worked in excess of eight hours per shift in violation of Labor Code § 510.

18.     Labor Code § 1197.1 authorizes employees who are paid less than the minimum fixed by an applicable state or local law, or by an order of the commission a civil penalty, restitution of wages, and liquidate damages as follows: (1) for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid....[and] (2) [f]or each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

19.     Labor Code § 510 requires an employer to compensate an employee who works more than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours worked on the seventh consecutive day, no less than one and one-half times (11/2) the regular rate of pay. In addition, Labor Code § 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve (12) hours in a workday or more than eight (8) hours on the seventh consecutive day of work. Pursuant to Section 3 of the applicable Wage Orders, non-exempt employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (11/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.

CLASS ACTION COMPLAINT

20.    Accordingly, and to the extent permitted by law, Plaintiff and other non-exempt employees are entitled to recover unpaid wages and penalties for violations of Labor Code §§ 204, 210, 510, 1194, 1197.1, 1199 1197.1.

21.    Furthermore, at all relevant times, Plaintiff and other non-exempt employees were not properly paid at the correct overtime rate for all hours worked in excess of eight (8) hours per workday and/or forty (40) hours per workweek. Although Plaintiff and other non-exempt employees regularly worked overtime hours, non-exempt employees were not compensated at one and one-half times their "regular rate of pay" because Defendants failed to include all forms of compensation, including, but not limited to, non-discretionary bonuses, incentive pay, and other forms of remuneration when calculating the "regular rate of pay" used in payment of overtime wages.

22.    Under the California Labor Code (as well as the FLSA), courts have consistently held that regularly paid non-discretionary bonuses (and other forms of pay) must be included in determining an employee's "regular rate of pay" for purposes of calculating overtime. (See *Haber v. The Americana Corp.* 378 F. 2d 854, 855-856 (9th Cir. 1967) [holding that regularly paid efficiency bonuses must be included in calculating the "regular rate"]; *Wang v. Chinese Daily News*, Inc. 435 F. Supp. 2d 1042, 1055-1057 (C.D. Cal. 2006) [granting summary judgement to Plaintiff under California and federal law on the grounds, that Defendant improperly calculated overtime by excluding annual bonuses paid to employees from the "regular rate of compensation"].)

23.    By their policy of requiring Plaintiff and the other non-exempt employees to work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating them at the lawful rate of one-half (1 1/2) their regular rate of pay, Defendants willfully violated the provisions of Labor Code § 510 and the applicable Wage Orders.

24.    Accordingly, to the extent permitted by law, Plaintiff and other non-exempt employees are entitled to recover penalties for violations of Labor Code §§ 204, 210, 510, and 1197.1.

25.    Next, at all relevant times, Plaintiff and other non-exempt employees were denied compliant and timely 30-minute off-duty meal periods as mandated by California law. Due to Defendants' uniform meal period policies/practices, Plaintiff and other non-exempt employees were often unable to take timely and uninterrupted 30-minute first meal periods before the end of the fifth

6

CLASS ACTION COMPLAINT

hour of work. Moreover, at all relevant times, Defendants had a payroll policy/practice which automatically deducted 30 minutes for meal periods, regardless of whether a 30-minute meal period was provided. Further, when Plaintiff and other non-exempt employees worked more than 10.0 hours in a shift, they were not always allowed and permitted to take a mandated second meal period before the end of the tenth hour of work in violation of the Labor Code and applicable Wage Orders.

26.    Additionally, Plaintiff and other non-exempt employees were not properly paid meal period premiums for missed or non-compliant meal periods at the "regular rate of pay" pursuant to *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 5th 858 and Labor Code 226.7.

27.    Accordingly, due to Defendants' uniform meal period practices/policies, Plaintiff and other non-exempt employees were regularly denied legally compliant meal periods in violation of Labor Code §§ 226.7, 512, 516, and applicable Wage Orders.

28.    Moreover, at all relevant times, Plaintiff and other non-exempt employees were not provided with all 10-minute rest periods for every four hours worked, or major fraction thereof due to Defendants' uniform rest period policies/practices and work demands. Plaintiff and other non-exempt employees were and are routinely unable to take a net 10-minute duty free rest periods for every major fraction of four hours worked. This includes a second rest period for shifts in excess of six hours, and a third rest period for shifts in excess of 10 hours in a workday.

29.    By not relieving all non-exempt employees of all duties during rest periods, Defendants failed to provide legally compliant rest periods. See *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal. 5th 257, 269 [concluding that "during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time."]. In *Augustus*, the California Supreme Court expressly rejected the employers' assertion that it could provide an on-duty rest period to employees who worked as security guards and further explained "that employers [must] relinquish any control over how employees spend their break time and relieve their employees of all duties." *Id.* at 273.

30.    Each time Plaintiff and other non-exempt employees were unable to take a compliant rest period, Defendants failed and continues to fail to adequately pay rest period premium payments at the "regular rate of pay" as required by Labor Code § 226.7.

**CLASS ACTION COMPLAINT**

31.   Accordingly, due to Defendants' uniform rest period policies/practices and work demands, Plaintiff and other non-exempt employees were also regularly denied legally compliant rest breaks in violation of Labor Code §§ 226.7, 512, and applicable Wage Orders.

32.   As a result of Defendants' failure to pay Plaintiff and other non-exempt employees for all hours they were subject to the control of Defendants, including all minimum and overtime wages, and Defendants' failure to adequately pay for meal and rest period premiums at the "regular rate of pay", Defendants issued wage statements which failed to accurately identify the gross wages earned, the total hours worked, the net wages earned, and the correct corresponding number of hours worked at each hourly rate, in violation of Labor Code § 226(a)(1, 2, 5, and 9).

33.   Moreover, at all relevant times, Defendants' wage statements failed to include the legal name and address of the employer as required by Labor Code § 226(a)(8), the inclusive dates of the period for which the employee is paid as required by Labor Code § 226(a)(6). Finally, the wage statements also fail to include all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee in violation of Labor Code § 226(a)(9).

34.   Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226."

35.   Accordingly, for the violations of Labor Code section 226 described above, Plaintiff and other non-exempt employees may also recover Labor Code § 226.3 penalties for Defendants' violations of Labor Code § 226(a).

36.   Finally, because of, Defendants' failure to pay all minimum and overtime wages, and meal and rest period premiums at the "regular rate of pay", Defendants also failed and continues to fail to pay Plaintiff and other non-exempt employees all wages owed at their time of separation from employment in violation of Labor Code §§ 201-203. Thus, Plaintiff and other non-exempt employees would be entitled to recover penalties under Labor Code §§ 201-203, and 256.

8

## CLASS ACTION ALLEGATIONS

37.    Plaintiff brings this action on behalf of himself and the following Classes pursuant to § 382 of the Code of Civil Procedure:

All non-exempt employees who work or worked for Defendants in California, during the four years immediately preceding the filing of the Complaint through the date of trial. ("Class");

All non-exempt employees who worked for Defendants in California and who worked overtime hours during at least one shift, during the four years immediately preceding the filing of the Complaint through the date of trial. ("Overtime Subclass");

All employees who work or worked for Defendants in California, during the one year immediately preceding the filing of the Complaint through the date of trial. ("Wage Statement Subclass")

All employees who work or worked for Defendants in California, and who left their employ during the three years immediately preceding the filing of the Complaint through the date of trial. ("Waiting Time Penalty Subclass") (collectively "the Classes")

38.    **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes is unknown to Plaintiff at this time; however, it is estimated that the Classes consist of at least one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment and payroll records.

39.    **Common Questions of Law and Fact Predominate/Well Defined Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

1.    Whether Defendants' timekeeping/payroll policies/practices resulted in a failure to pay for all hours worked to the members of the Class;

2.    Whether Defendants provided legally compliant meal and rest periods or proper compensation in lieu thereof to members of the Class;

**CLASS ACTION COMPLAINT**

3.    Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Subclass pursuant to Labor Code § 226(a); and

4.    Whether the timing and amount of payment of final wages to members of the Waiting Time Penalty Subclass at the time of separation from employment were unlawful.

40.    **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as Defendants' failure to pay for all hours worked, Defendants' failure to provide all compliant meal and rest periods or compensation at the "regular rate of pay" in lieu thereof, and Defendants' failure to provide accurate itemized wage statements, and to pay for all wages due upon separation of employment. As such, the common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

41.    **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitation applicable to each cause of action pled in the Complaint in this action. As alleged herein, Plaintiff, like the members of the Classes was deprived of minimum and overtime wages, was deprived of meal and rest period premium wages, was subject to Defendants' uniform meal and rest period policies/practices, was not provided accurate itemized wage statements, and was not timely paid all wages owed upon separation of employment.

42.    **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes. Plaintiff's attorneys have prosecuted and are actively litigating several wage-and-hour class actions in state and federal courts and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

43.    **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California.

10

**CLASS ACTION COMPLAINT**

1  These laws and labor standards protect the average working employee from exploitation by
2  employers who have the responsibility to follow the laws and who may seek to take advantage of
3  superior economic and bargaining power in setting onerous terms and conditions of employment. The
4  nature of this action and the format of laws available to Plaintiff and members of the Classes make
5  the class action format a particularly efficient and appropriate procedure to redress the violations
6  alleged herein. If each employee were required to file an individual lawsuit, Defendants would
7  necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the
8  limited resources of each individual plaintiff with their vastly superior financial and legal resources.

9       44.    Moreover, requiring each member of the Classes to pursue an individual remedy would
10  also discourage the assertion of lawful claims by employees who would be disinclined to file an action
11  against their former and/or current employer for real and justifiable fear of retaliation and permanent
12  damages to their careers at subsequent employment. Further, the prosecution of separate actions by
13  the individual class members, even if possible, would create a substantial risk of inconsistent or
14  varying verdicts or adjudications with respect to the individual class members against Defendants
15  herein; and which would establish potentially incompatible standards of conduct for Defendants;
16  and/or legal determinations with respect to individual class members which would, as a practical
17  matter, be dispositive of the interest of the other class members not parties to adjudications or which
18  would substantially impair or impede the ability of the class members to protect their interests.
19  Further, the claims of the individual members of the class are not sufficiently large to warrant
20  vigorous individual prosecution considering all of the concomitant costs and expenses attending
21  thereto. As such, the Classes identified in Paragraph 37 are maintainable as Classes under § 382 of
22  the Code of Civil Procedure.

## FIRST CAUSE OF ACTION

### MINIMUM WAGE VIOLATIONS

### (AGAINST ALL DEFENDANTS)

26       45.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

27       46.    Section 4 of the applicable Wage Orders and California Labor Code §§ 1197 and
28  1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts

11

**CLASS ACTION COMPLAINT**

1  set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been

2  paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance

3  together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to

4  the unpaid wages and interest accrued thereon.

5       47.    At all relevant times herein, Defendants failed to conform their pay practices to the

6  requirements of the law. This unlawful conduct includes but is not limited to (1) Defendants'

7  timekeeping and rounding policy/practice which resulted in these individuals not being paid for all

8  hours actually worked, and (2) Defendants' policy/practice of automatically deducting 30 minutes

9  for meal periods regardless of whether a 30-minute meal period was actually provided. Accordingly,

10  Plaintiff and members of the Classes were not compensated for all hours worked including, but not

11  limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to

12  work under the California Labor Code and applicable Wage Orders.

13       48.    Labor Code § 1198 makes unlawful the employment of an employee under conditions

14  that the IWC prohibits. California Labor Code §§ 1194(a) and 1194.2(a) provide that an employer

15  who has failed to pay its employees the legal minimum wage is liable to pay those employees the

16  unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages

17  due and interest thereon.

18       49.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein,

19  Plaintiff and the Classes have sustained economic damages, including but not limited to unpaid wages

20  and lost interest, in an amount to be established at trial, and they are entitled to recover economic and

21  statutory damages and penalties and other appropriate relief as a result of Defendants' violations of

22  the California Labor Code and applicable Wage Orders.

23       50.    Defendants' practice and uniform administration of corporate policy regarding illegal

24  employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and members

25  of the Classes in a civil action for the unpaid amount of minimum wages, liquidated damages,

26  including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor

27  Code §§ 204, 558, 1194 *et seq.*, 1197, 1198, and Code of Civil Procedure § 1021.5.

28       / / /

**CLASS ACTION COMPLAINT**

## SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL OVERTIME WAGES

### (AGAINST ALL DEFENDANTS)

51.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

52.    This cause of action is brought pursuant to Labor Code §§ 204, 210, 510, 558, 1194, and 1198, which provide that non-exempt employees are entitled to overtime wages for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

53.    At all times relevant herein, Defendants were required to properly pay Plaintiff and members of the Classes for all overtime hours worked pursuant to California Labor Code § 1194 and the applicable Wage Orders.

54.    Section 3 of the applicable Wage Order requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per workday and/or in excess of 40 hours of work in the workweek. The same section also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of twelve hours each workday and/or for work in excess of 8 hours on the seventh consecutive day of work in the workweek. Defendants caused Plaintiff to work overtime and hours but did not compensate Plaintiff or members of the Classes at one and one-half times their regular rate of pay for such hours.

55.    Defendants failed to conform their pay practices to the requirements of the law. This unlawful conduct includes but is not limited to (1) Defendants' unfair timekeeping and rounding/shaving practice, and (2) Defendants' policy/practice of automatically deducting 30 minutes from a meal period regardless of whether a 30-minute meal period was actually provided, and (3) Defendants' failure to include all forms of compensation, including, but not limited to, non-discretionary bonuses, incentive pay, and other forms of remuneration when calculating the "regular rate of pay" used in payment of overtime wages, all of which resulted in Plaintiff and the Classes not being paid all overtime wages owed.

56.    The foregoing policies and practices are unlawful and create entitlement to recovery by Plaintiff and the members of the Classes in a civil action for the unpaid amount of overtime wages,

13

CLASS ACTION COMPLAINT

1  including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor

2  Code §§ 204, 210, 510, 1194, and 1198, the applicable Wage Orders, and Code of Civil Procedure §

3  1021.5.

### THIRD CAUSE OF ACTION

### MEAL PERIOD VIOLATIONS

### (AGAINST ALL DEFENDANTS)

57.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

58.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to provide all of their hourly non-exempt employees, including Plaintiff and members of the Class, with all required meal periods in accordance with the mandates of the California Labor Code and applicable Wage Orders, for the reasons set forth in the Common Allegations section of this Complaint.

59.    Despite Defendants' violations, Defendants have not paid an additional hour of pay at the "regular rate of pay" to Plaintiff and members of the Class at their respective regular rates of pay for each violation, in accordance with *Ferra* and Labor Code § 226.7.

60.    As a result, Defendants are responsible for paying premium compensation for meal period violations, including interest thereon, statutory penalties, and costs of suit pursuant to the applicable Wage Orders, Labor Code §§ 226.7, 512, and Civil Code §§ 3287(b) and 3289.

### FOURTH CAUSE OF ACTION

### REST PERIOD VIOLATIONS

### (AGAINST ALL DEFENDANTS)

61.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

62.    Section 12 of the applicable Wage Orders and Labor Code §§ 226.7 and 516 establish the right of non-exempt employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

63.    Due to their unlawful rest period policy and practices, Defendants did not authorize and permit Plaintiff and members of the Class to take all rest periods to which they were legally entitled. Despite Defendants' violations, Defendants have not paid an additional hour of pay at the

14

### CLASS ACTION COMPLAINT

1    "regular rate of pay" to Plaintiff and members of the Class at their respective regular rates of pay for

2    each violation, in accordance with California Labor Code § 226.7.

3        64.    The foregoing violations create an entitlement to recovery by Plaintiff and members

4    of the Class in a civil action for the unpaid amount of rest period premiums owing, including interest

5    thereon, statutory penalties, and costs of suit pursuant to the applicable Wage Orders, Labor Code §§

6    226.7 and 516, and Civil Code §§ 3287(b) and 3289.

7                              **FIFTH CAUSE OF ACTION**

8           **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

9                              **(AGAINST ALL DEFENDANTS)**

10       65.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

11       66.    Labor Code 226(a) states in pertinent part the following:

12           "(a) An employer, semimonthly or at the time of each payment of wages,
       shall furnish to his or her employee, either as a detachable part of the check,
13           draft, or voucher paying the employee's wages, or separately if wages are
       paid by personal check or cash, an accurate itemized statement in writing
14           showing (1) gross wages earned, (2) total hours worked by the employee,
       (3) the number of piece-rate units earned and any applicable piece rate if the
15           employee is paid on a piece-rate basis, (4) all deductions, provided that all
       deductions made on written orders of the employee may be aggregated and
16           shown as one item, (5) net wages earned, (6) the inclusive dates of the
       period for which the employee is paid, (7) the name of the employee and
17           only the last four digits of his or her social security number or an employee
       identification number other than a social security number, (8) the name and
18           address of the legal entity that is the employer, and (9) all applicable hourly
       rates in effect during the pay period and the corresponding number of hours
19           worked at each hourly rate by the employee."
20
21

22       67.    As set forth above, during the Class Period, Defendants issued and continue to issue

23    wage statements to its employees including Plaintiff and members of the Wage Statement Subclass,

24    which are inadequate under Labor Code Section 226(a).

25       68.    As a result of Defendants failure to pay Plaintiff and the Wage Statement Subclass for

26    all regular and overtime wages, and missed meal and rest period premiums at the appropriate legal

27    rate, Defendants failed to include required information on Plaintiff and the Wage Statement Subclass'

28    wage statements, including, but not limited to, the gross wages earned, the net wages earned in

1 | violation of Labor Code section 226(a)(1,2,5, and 9).

2 |     69.    Moreover, Defendants failed to include the legal name and address of the employer as

3 | required by § 226(a)(8) and failed to all applicable hourly rates in effect during the pay period and

4 | the corresponding number of hours worked at each hourly rate by the employee in violation of §

5 | 226(a)(9).

6 |     70.    Defendants' failure to comply with section 226(a) of the Labor Code was knowing

7 | and intentional.

8 |     71.    As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff

9 | and members of the Wage Statement Subclass in violation of section 226(a) of the California

10 | Labor Code, Plaintiff and members of the Wage Statement Subclass are each entitled to recover an

11 | initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate

12 | penalty of $4,000 per Plaintiff and per every member of the Wage Statement Subclass from

13 | Defendants pursuant to section 226(e) of the Labor Code, costs and reasonable attorneys' fees.

14 | **SIXTH CAUSE OF ACTION**

15 | **WAITING TIME PENALTIES**

16 | **(AGAINST ALL DEFENDANTS)**

17 |     72.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

18 |     73.    The actionable period for this cause of action is three years prior to the filing of this

19 | Complaint through the present, and on-going until the violation is corrected or the class is certified.

20 |     74.    Labor Code §§ 201 and 202 require Defendants to pay all compensation due and owing

21 | to Plaintiff and the Waiting Time Subclass during the actionable period for this cause of action at or

22 | around the time that their employment is or was terminated or ended.

23 |     75.    Labor Code § 203 provides that if an employer willfully fails to pay compensation

24 | promptly upon discharge or resignation, as required by Labor Code sections 201 and 202, then the

25 | employer is liable for penalties in the form of continued compensation up to thirty (30) workdays.

26 |     76.    Defendants willfully failed to pay the Waiting Time Subclass for all hours worked,

27 | including all minimum and overtime wages, sick time, vested and unused vacation time, and their

28 |

16
**CLASS ACTION COMPLAINT**

1  meal and rest period premiums at the "regular rate of pay", prior to or upon termination or separation

2  from employment with Defendants as required by Labor Code §§ 201 and 202.

3      77.     As a result, Defendants are liable to the Waiting Time Subclass for waiting time

4  penalties amounting to thirty (30) days wages for Plaintiff and the Waiting Time Subclass pursuant

5  to Labor Code § 203. *See*, e.g., DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon

6  termination entitles an employee to recover waiting time penalties).

7                          **SEVENTH CAUSE OF ACTION**

8                              **UNFAIR COMPETITION**

9                          **(AGAINST ALL DEFENDANTS)**

10     78.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

11     79.     Defendants have engaged and continue to engage in unfair and/or unlawful business

12  practices in California in violation of California Business and Professions Code § 17200 *et seq.*, by

13  failing to pay for all hours worked including minimum and overtime wages, by failing to provide all

14  legally required meal and rest periods or pay premium payments at the "regular rate of pay" in lieu

15  thereof, by failing to provide accurate wage statements, and by failing to pay all earned wages at the

16  time of separation from employment.

17     80.     Defendants' utilization of these unfair and/or unlawful business practices deprived

18  Plaintiff and continues to deprive members of the Classes of compensation to which they are legally

19  entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over

20  Defendants' competitors who have been and/or are currently employing workers and attempting to

21  do so in honest compliance with applicable wage and hour laws.

22     81.     Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged

23  herein, Plaintiff for himself and on behalf of the members of the Classes, seeks full restitution of

24  monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or

25  converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

26     82.     The acts complained of herein occurred within the last four years immediately

27  preceding the filing of the Complaint in this action.

28     83.     Plaintiff was compelled to retain the services of counsel to file this court action to

                                        17
                          **CLASS ACTION COMPLAINT**

1   protect his interests and those of the Classes, to obtain restitution and injunctive relief on behalf of

2   Defendants' current hourly non-exempt employees and to enforce important rights affecting the

3   public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which

4   he is entitled to recover under Code of Civil Procedure § 1021.5.

### PRAYER FOR RELIEF

6   **WHEREFORE**, Plaintiff prays for judgment for himself and for all others on whose behalf

7   this suit is brought against Defendants, as follows:

8       1.      For an order certifying the proposed Classes;

9       2.      For an order-appointing Plaintiff as representative of the Classes;

10      3.      For an order appointing Counsel for Plaintiff as Counsel for the Classes;

11      4.      Upon the First Cause of Action, for compensatory, consequential, general and

12  special damages according to proof pursuant to Labor Code §§ 204, 210, 510, and 1194;

13      5.      Upon the Second Cause of Action, for compensatory, consequential, general and

14  special damages according to proof pursuant to Labor Code §§ 204, 210, 510, 1194, and 1198;

15      6.      Upon the Third Cause of Action, for compensatory, consequential, general and

16  special damages according to proof pursuant to Labor Code §§ 226.7 and 512;

17      7.      Upon the Fourth Cause of Action, for compensatory, consequential, general and

18  special damages according to proof pursuant to Labor Code §§ 226.7 and 516;

19      8.      Upon the Fifth Cause of Action, penalties pursuant to Labor Code § 226(a), and

20  reasonable costs and attorneys' fees;

21      9.      Upon the Sixth Cause of Action, for statutory waiting time penalties pursuant to

22  Labor Code §§ 201-203;

23      10.     Upon the Seventh Cause of Action, for restitution to Plaintiff and members of the

24  Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or

25  practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

26      11.     Prejudgment interest on all due and unpaid wages pursuant to California Labor Code

27  § 218.6 and Civil Code §§ 3287 and 3289;

28

18

**CLASS ACTION COMPLAINT**

1     12.     On all causes of action, for attorneys' fees and costs as provided by Labor Code §§

2   218.5, 226, 1194, and Code of Civil Procedure § 1021.5; and

3     13.     For such other relief that the Court may deem just and proper.

4   Dated:   May 11, 2022                          **FALAKSSA LAW, P.C.**
                                                    **BOKHOUR LAW GROUP, P.C.**

5

6
                                          By: _____
7                                              Joshua Falakassa, Esq.
                                               Mehrdad Bokhour, Esq.
8                                              Attorneys for Plaintiff and the Putative Classes

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          19

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>Mehrdad Bokhour (SBN 285256)<br>BOKHOUR LAW GROUP, P.C.<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067<br>  Telephone No: 310-975-1493 | *For Court Use Only* |
| *Attorney For:*  Plaintiff and the Putative Classes  \| *Ref. No. or File No.:* | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**05/24/2022**<br>**Clerk of the Court**<br>BY: JUDITH NUNEZ<br>Deputy Clerk |

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN FRANCISCO

*Plaintiff:*  CHARLES HICKS, on behalf of himself and all others similarly situated
*Defendant:*  DECKER ELECTRIC CO., a California Corporation

| PROOF OF SERVICE<br>SUMMONS | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-22-599591 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Complaint; Civil Case Cover Sheet

3. *a. Party served:*      DECKER ELECTRIC CO., a California Corporation
   *b. Person served:*   David Ben Chad, Agent for Service of Process

4. *Address where the party was served:*   147 Beacon St, South San Francisco, CA 94080

5. *I served the party:*
   a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Mon, May 23 2022 (2) at *(time)*: 01:52 PM
   (1)  [X]  (business)
   (2)  [ ]  (home)
   (3)  [ ]  (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  [ ]  as an individual defendant.
   b.  [ ]  as the person sued under the fictitious name of *(specify):*
   c.  [ ]  as occupant.
   d.  [X]  On behalf of *(specify):*  DECKER ELECTRIC CO., a California Corporation
       under the following Code of Civil Procedure section:
       [X] 416.10 (corporation)            [ ] 415.95 (business organization, form unknown)
       [ ] 416.20 (defunct corporation)      [ ] 416.60 (minor)
       [ ] 416.30 (joint stock company/association) [ ] 416.70 (ward or conservatee)
       [ ] 416.40 (association or partnership)  [ ] 416.90 (authorized person)
       [ ] 416.50 (public entity)            [ ] 415.46 (occupant)
       [ ] other:



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF
SERVICE
SUMMONS

*7078345*
*(4981013)*
Page 1 of 2

| Attorney or Party without Attorney:<br>Mehrdad Bokhour (SBN 285256)<br>BOKHOUR LAW GROUP, P.C.<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067<br>  Telephone No: 310-975-1493<br><br>  Attorney For:  Plaintiff and the Putative Classes           *Ref. No. or File No.:* | *For Court Use Only* |
|---|---|

| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>FOR THE COUNTY OF SAN FRANCISCO |
|---|

| *Plaintiff:*  CHARLES HICKS, on behalf of himself and all others similarly situated<br>*Defendant:*  DECKER ELECTRIC CO., a California Corporation |
|---|

| **PROOF OF SERVICE**<br>**SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-22-599591 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
   a.  Name:                 Luis Arturo Mendez
   b.  Address:          **FIRST LEGAL**
                           1517 W. Beverly Blvd.
                           LOS ANGELES, CA 90026
   c.  Telephone number:     (213) 250-1111
   d.  **The fee** for service was:   $77.25
   e.  I am:
      (1)  ☐  not a registered California process server.
      (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3)  ☒  a registered California process server:
          (i)    ☐ owner  ☐ employee  ☒ independent contractor
          (ii)  Registration No:  2021-0001497
          (iii) County:  San Francisco

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

05/24/2022
          *(Date)*                                 Luis Arturo Mendez



Judicial Council Form POS-010          **PROOF OF**                 *7078345*
Rule 2.150.(a)&(b) Rev January 1, 2007   **SERVICE**                *(4981013)*
                                    **SUMMONS**               *Page 2 of 2*

EXHIBIT B

**FALAKASSA LAW, P.C.**
Joshua S. Falakassa, CA Bar No. 295045
*josh@falakassalaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (818) 456-6168; Fax: (888) 505-0868

**BOKHOUR LAW GROUP, P.C.**
Mehrdad Bokhour, Esq., CA Bar No. 285256
*mehrdad@bokhourlaw.com*
Anwar D. Burton, Esq.
*anwar@bokhourlaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (310) 975-1493; Fax: (310) 675-0861

Attorneys for Plaintiff and the Putative Classes

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*

**07/18/2022**
Clerk of the Court
BY: KAREN VALDES
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| CHARLES HICKS, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>DECKER ELECTRIC CO., a California Corporation; and DOES 1-50, inclusive.<br><br>          Defendants. | CASE NO.: CGC-22-599591<br><br>**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT FOR:**<br><br>(1)   FAILURE TO PAY ALL MINIMUM WAGES;<br>(2)   FAILURE TO PAY ALL OVERTIME WAGES;<br>(3)   MEAL PERIOD VIOLATIONS;<br>(4)   REST PERIOD VIOLATIONS;<br>(5)   WAGE STATEMENT VIOLATIONS;<br>(6)   WAITING TIME PENALTIES; and<br>(7)   UNFAIR COMPETITION<br>(8)   PAGA PENALTIES<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action Filed:   May 11, 2022<br>Trial Date:    No Date Set |

---

**FIIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

1    Plaintiff Charles Hicks ("Plaintiff") on behalf of himself, the State of California, and all other

2 similarly situated non-exempt employees, alleges and complains of defendant Decker Electric Co.,

3 Inc., and DOES 1 to 50 (collectively, "Defendants") and each of them, as follows:

4                              **INTRODUCTION**

5    1.    Defendant Decker Electric Co., Inc. is an electrical contractor servicing the Bay Area

6 of California. Plaintiff brings this class action against Defendant for alleged violations of the

7 California Labor Code and Business and Professions Code.

8    2.    As set forth below, Plaintiff alleges that Defendants failed to pay for all hours worked

9 due to its failure to accurately record time entries, and by automatically deducted 30 minutes for meal

10 periods. Plaintiff further alleges that Defendants failed to include all forms of compensation,

11 including, but not limited to, non-discretionary bonuses, incentive pay, and other forms of

12 remuneration when calculating the "regular rate of pay" used in payment of overtime wages. Plaintiff

13 also alleges that Defendants' meal and rest period policies and practices did not allow and permit all

14 compliant/timely meal and rest periods or pay premium wages at the "regular rate of pay" in lieu

15 thereof. Additionally, Plaintiff alleges that Defendants failed to provide non-exempt employees with

16 accurate written itemized wage statements and failed to timely pay all final wages upon separation of

17 employment. Based on these alleged Labor Code violations, Plaintiff now brings this class action and

18 PAGA representative action to recover unpaid wages, restitution, penalties, and other related relief

19 on behalf of himself and all others similarly situated.

20                          **JURISDICTION AND VENUE**

21    3.    Plaintiff, on behalf of himself and all others similarly situated employees hereby brings

22 this class action for recovery of unpaid wages and penalties under California Labor Code §§ 201-

23 203, 204, 210, 221, 226(a), 226(e), 226.3, 226.7, 227.3, 510, 512, 516, 1174, 1174.4, 1194, 1194.2,

24 1197.1, 1199, 2698, *et seq.,* and applicable Industrial Welfare Commission Wage Orders ("Wage

25 Orders"), in addition to seeking declaratory relief and restitution pursuant to California Business and

26 Professions Code § 17200, *et. seq*.

27    4.    This class action is brought pursuant to California Code of Civil Procedure § 382.

28    5.    This Court has jurisdiction over Defendants' violations of the California Labor Code

2

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

1  and applicable Wage Orders because the amount in controversy exceeds this Court's jurisdictional

2  minimum.

3      6.      Venue is proper in this judicial district pursuant to California Code of Civil Procedure

4  §§ 395(a) and 395.5, Defendants principal place of business is 1282 Folsom Street, San Francisco

5  California within the County of San Francisco, and/or otherwise are found within the County of San

6  Francisco, and Defendants are within the jurisdiction of this Court for purposes of service of process.

7                                          **PARTIES**

8      7.      At all relevant times herein, Plaintiff, who is over the age of 18, was and currently is a

9  California resident residing in the State of California. Defendants employed Plaintiff as a non-exempt

10  employee in San Francisco, California in the County of San Francisco.

11      8.      Plaintiff is informed and believes and thereon alleges that defendant Decker Electric

12  Co., Inc. is a California corporation authorized to and doing business in California, and is and/or was

13  the legal employer of Plaintiff and the Class Members during the applicable statutory periods.

14  Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein and has

15  been deprived of the rights guaranteed to him by California Labor Code §§ 201-203, 204, 210, 221,

16  226(a), 226(e), 226.3, 226.7, 227.3, 510, 512, 516, 1174, 1174.4, 1194, 1194.2, 1197.1, 1199, and the

17  California Business and Professions Code § 17200 *et seq.*, and applicable Wage Orders.

18      9.      Plaintiff is informed and believes, and based thereon alleges, that during the four years

19  preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to

20  do) business in the State of California, County of San Francisco.

21      10.     Plaintiff does not know the true names or capacities, whether individual, partner, or

22  corporate, of the defendants sued herein as DOES 1 to 50, inclusive, and for that reason, said

23  Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to

24  amend this Complaint when such true names and capacities are discovered. Plaintiff is informed, and

25  believes, and thereon alleges, that each of said fictitious defendants, whether individual, partners, or

26  corporate, were responsible in some manner for the acts and omissions alleged herein, and

27  proximately caused Plaintiff and the Classes to be subject to the unlawful employment practices

28  alleged herein.

11.     Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Classes. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

12.     At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all members of the Classes.

## COMMON FACTUAL ALLEGATIONS

13.     Defendants are an electrical contractor servicing the Bay Area of California. Plaintiff was employed by Defendants as a non-exempt employee with the title of material handler. Plaintiff began working with Defendants from approximately 2006 until his separation from employment on December 3, 2021. Plaintiff and other non-exempt employees (including, but not limited to electricians, material handlers, janitorial staff, and other non-exempt positions) were responsible for all aspects of Defendants' business in California.

14.     First, at all relevant times, Defendants have had a consistent practice of failing to accurately record Plaintiff and other non-exempt employees' time entries, and/or unevenly rounding/shaving non-exempt employees' time entries, resulting in a failure to pay all hours worked. As a result of this practice, Plaintiff and other non-exempt employees are not compensated for all the hours that they work and all of the overtime hours they work, in violation of Labor Code §§ 204, 210, 510, 1194, 1197.1, 1199, and applicable Wage Orders.

15.     Here, Defendants' time recording practice is not neutral on its face or in its application as Plaintiff and other non-exempt employees are subject to discipline, including termination for being

4

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

tardy in reporting to work, or returning from a meal or rest period. Moreover, because Defendants are capable of tracking the time worked by non-exempt employees to the minute, the policy itself exists not for the convenience or benefit of the employees who are trying to report their time on timecards or otherwise, but for Defendants' benefit.

16.     Further, at all relevant times, Defendants have had a payroll policy/practice which automatically deducts 30 minutes for meal periods, regardless of whether a complaint 30-minute meal period was provided. As a result, over a period of time, Plaintiff and other non-exempt employees were not properly paid for all hours worked in violation of Cal. Labor Code §§ 204, 210, 510, 1194, 1197.1, 1199, and applicable Wage Orders.

17.     Additionally, as a result of the unlawful time recording and rounding practice, Plaintiff and other non-exempt employees were not properly paid at the correct overtime rate for hours worked in excess of eight hours per shift in violation of Labor Code § 510.

18.     Labor Code § 1197.1 authorizes employees who are paid less than the minimum fixed by an applicable state or local law, or by an order of the commission a civil penalty, restitution of wages, and liquidate damages as follows: (1) for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid....[and] (2) [f]or each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

19.     Labor Code § 510 requires an employer to compensate an employee who works more than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours worked on the seventh consecutive day, no less than one and one-half times (11/2) the regular rate of pay. In addition, Labor Code § 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve (12) hours in a workday or more than eight (8) hours on the seventh consecutive day of work. Pursuant to Section 3 of the applicable Wage Orders, non-exempt employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (11/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

20.    Accordingly, and to the extent permitted by law, Plaintiff and other non-exempt employees are entitled to recover unpaid wages and penalties for violations of Labor Code §§ 204, 210, 510, 1194, 1197.1, 1199 1197.1.

21.    Furthermore, at all relevant times, Plaintiff and other non-exempt employees were not properly paid at the correct overtime rate for all hours worked in excess of eight (8) hours per workday and/or forty (40) hours per workweek. Although Plaintiff and other non-exempt employees regularly worked overtime hours, non-exempt employees were not compensated at one and one-half times their "regular rate of pay" because Defendants failed to include all forms of compensation, including, but not limited to, non-discretionary bonuses, incentive pay, and other forms of remuneration when calculating the "regular rate of pay" used in payment of overtime wages.

22.    Under the California Labor Code (as well as the FLSA), courts have consistently held that regularly paid non-discretionary bonuses (and other forms of pay) must be included in determining an employee's "regular rate of pay" for purposes of calculating overtime. (See *Haber v. The Americana Corp.* 378 F. 2d 854, 855-856 (9th Cir. 1967) [holding that regularly paid efficiency bonuses must be included in calculating the "regular rate"]; *Wang v. Chinese Daily News*, Inc. 435 F. Supp. 2d 1042, 1055-1057 (C.D. Cal. 2006) [granting summary judgement to Plaintiff under California and federal law on the grounds, that Defendant improperly calculated overtime by excluding annual bonuses paid to employees from the "regular rate of compensation"].)

23.    By their policy of requiring Plaintiff and the other non-exempt employees to work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating them at the lawful rate of one-half (1 1/2) their regular rate of pay, Defendants willfully violated the provisions of Labor Code § 510 and the applicable Wage Orders.

24.    Accordingly, to the extent permitted by law, Plaintiff and other non-exempt employees are entitled to recover penalties for violations of Labor Code §§ 204, 210, 510, and 1197.1.

25.    Next, at all relevant times, Plaintiff and other non-exempt employees were denied compliant and timely 30-minute off-duty meal periods as mandated by California law. Due to Defendants' uniform meal period policies/practices, Plaintiff and other non-exempt employees were often unable to take timely and uninterrupted 30-minute first meal periods before the end of the fifth

6

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

1  hour of work. Moreover, at all relevant times, Defendants had a payroll policy/practice which

2  automatically deducted 30 minutes for meal periods, regardless of whether a 30-minute meal period

3  was provided. Further, when Plaintiff and other non-exempt employees worked more than 10.0 hours

4  in a shift, they were not always allowed and permitted to take a mandated second meal period before

5  the end of the tenth hour of work in violation of the Labor Code and applicable Wage Orders.

6      26.    Additionally, Plaintiff and other non-exempt employees were not properly paid meal

7  period premiums for missed or non-compliant meal periods at the "regular rate of pay" pursuant to

8  *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 5th 858 and Labor Code 226.7.

9      27.    Accordingly, due to Defendants' uniform meal period practices/policies, Plaintiff and

10  other non-exempt employees were regularly denied legally compliant meal periods in violation of

11  Labor Code §§ 226.7, 512, 516, and applicable Wage Orders.

12      28.    Moreover, at all relevant times, Plaintiff and other non-exempt employees were not

13  provided with all 10-minute rest periods for every four hours worked, or major fraction thereof due

14  to Defendants' uniform rest period policies/practices and work demands. Plaintiff and other non-

15  exempt employees were and are routinely unable to take a net 10-minute duty free rest periods for

16  every major fraction of four hours worked. This includes a second rest period for shifts in excess of

17  six hours, and a third rest period for shifts in excess of 10 hours in a workday.

18      29.    By not relieving all non-exempt employees of all duties during rest periods, Defendants

19  failed to provide legally compliant rest periods. See *Augustus v. ABM Security Services, Inc.* (2016)

20  2 Cal. 5th 257, 269 [concluding that "during rest periods employers must relieve employees of all

21  duties and relinquish control over how employees spend their time."]. In *Augustus*, the California

22  Supreme Court expressly rejected the employers' assertion that it could provide an on-duty rest period

23  to employees who worked as security guards and further explained "that employers [must] relinquish

24  any control over how employees spend their break time and relieve their employees of all duties." *Id.*

25  at 273.

26      30.    Each time Plaintiff and other non-exempt employees were unable to take a compliant

27  rest period, Defendants failed and continues to fail to adequately pay rest period premium payments

28  at the "regular rate of pay" as required by Labor Code § 226.7.

7

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

31.    Accordingly, due to Defendants' uniform rest period policies/practices and work demands, Plaintiff and other non-exempt employees were also regularly denied legally compliant rest breaks in violation of Labor Code §§ 226.7, 512, and applicable Wage Orders.

32.    As a result of Defendants' failure to pay Plaintiff and other non-exempt employees for all hours they were subject to the control of Defendants, including all minimum and overtime wages, and Defendants' failure to adequately pay for meal and rest period premiums at the "regular rate of pay", Defendants issued wage statements which failed to accurately identify the gross wages earned, the total hours worked, the net wages earned, and the correct corresponding number of hours worked at each hourly rate, in violation of Labor Code § 226(a)(1, 2, 5, and 9).

33.    Moreover, at all relevant times, Defendants' wage statements failed to include the legal name and address of the employer as required by Labor Code § 226(a)(8), the inclusive dates of the period for which the employee is paid as required by Labor Code § 226(a)(6). Finally, the wage statements also fail to include all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee in violation of Labor Code § 226(a)(9).

34.    Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226."

35.    Accordingly, for the violations of Labor Code section 226 described above, Plaintiff and other non-exempt employees may also recover Labor Code § 226.3 penalties for Defendants' violations of Labor Code § 226(a).

36.    Finally, because of, Defendants' failure to pay all minimum and overtime wages, and meal and rest period premiums at the "regular rate of pay", Defendants also failed and continues to fail to pay Plaintiff and other non-exempt employees all wages owed at their time of separation from employment in violation of Labor Code §§ 201-203. Thus, Plaintiff and other non-exempt employees would be entitled to recover penalties under Labor Code §§ 201-203, and 256.

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

## CLASS ACTION ALLEGATIONS

37.    Plaintiff brings this action on behalf of himself and the following Classes pursuant to § 382 of the Code of Civil Procedure:

> All non-exempt employees who work or worked for Defendants in California, during the four years immediately preceding the filing of the Complaint through the date of trial. ("Class");

> All non-exempt employees who worked for Defendants in California and who worked overtime hours during at least one shift, during the four years immediately preceding the filing of the Complaint through the date of trial. ("Overtime Subclass");

> All employees who work or worked for Defendants in California, during the one year immediately preceding the filing of the Complaint through the date of trial. ("Wage Statement Subclass")

> All employees who work or worked for Defendants in California, and who left their employ during the three years immediately preceding the filing of the Complaint through the date of trial. ("Waiting Time Penalty Subclass") (collectively "the Classes")

38.    **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes is unknown to Plaintiff at this time; however, it is estimated that the Classes consist of at least one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment and payroll records.

39.    **Common Questions of Law and Fact Predominate/Well Defined Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

1.    Whether Defendants' timekeeping/payroll policies/practices resulted in a failure to pay for all hours worked to the members of the Class;

2.    Whether Defendants provided legally compliant meal and rest periods or proper compensation in lieu thereof to members of the Class;

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

3. Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Subclass pursuant to Labor Code § 226(a); and

4. Whether the timing and amount of payment of final wages to members of the Waiting Time Penalty Subclass at the time of separation from employment were unlawful.

40. **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as Defendants' failure to pay for all hours worked, Defendants' failure to provide all compliant meal and rest periods or compensation at the "regular rate of pay" in lieu thereof, and Defendants' failure to provide accurate itemized wage statements, and to pay for all wages due upon separation of employment. As such, the common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

41. **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitation applicable to each cause of action pled in the Complaint in this action. As alleged herein, Plaintiff, like the members of the Classes was deprived of minimum and overtime wages, was deprived of meal and rest period premium wages, was subject to Defendants' uniform meal and rest period policies/practices, was not provided accurate itemized wage statements, and was not timely paid all wages owed upon separation of employment.

42. **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes. Plaintiff's attorneys have prosecuted and are actively litigating several wage-and-hour class actions in state and federal courts and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

43. **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California.

10

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.

44.    Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes identified in Paragraph 37 are maintainable as Classes under § 382 of the Code of Civil Procedure.

## FIRST CAUSE OF ACTION

### MINIMUM WAGE VIOLATIONS

### (AGAINST ALL DEFENDANTS)

45.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

46.    Section 4 of the applicable Wage Orders and California Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts

11

set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

47.    At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law. This unlawful conduct includes but is not limited to (1) Defendants' timekeeping and rounding policy/practice which resulted in these individuals not being paid for all hours actually worked, and (2) Defendants' policy/practice of automatically deducting 30 minutes for meal periods regardless of whether a 30-minute meal period was actually provided. Accordingly, Plaintiff and members of the Classes were not compensated for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the California Labor Code and applicable Wage Orders.

48.    Labor Code § 1198 makes unlawful the employment of an employee under conditions that the IWC prohibits. California Labor Code §§ 1194(a) and 1194.2(a) provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

49.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and the Classes have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and they are entitled to recover economic and statutory damages and penalties and other appropriate relief as a result of Defendants' violations of the California Labor Code and applicable Wage Orders.

50.    Defendants' practice and uniform administration of corporate policy regarding illegal employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and members of the Classes in a civil action for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code §§ 204, 558, 1194 *et seq.*, 1197, 1198, and Code of Civil Procedure § 1021.5.

/ / /

12

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

## SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL OVERTIME WAGES

### (AGAINST ALL DEFENDANTS)

51.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

52.    This cause of action is brought pursuant to Labor Code §§ 204, 210, 510, 558, 1194, and 1198, which provide that non-exempt employees are entitled to overtime wages for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

53.    At all times relevant herein, Defendants were required to properly pay Plaintiff and members of the Classes for all overtime hours worked pursuant to California Labor Code § 1194 and the applicable Wage Orders.

54.    Section 3 of the applicable Wage Order requires an employer to pay an employee "one and one-half (1 1/2) times the employee's regular rate of pay" for work in excess of 8 hours per workday and/or in excess of 40 hours of work in the workweek. The same section also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of twelve hours each workday and/or for work in excess of 8 hours on the seventh consecutive day of work in the workweek. Defendants caused Plaintiff to work overtime and hours but did not compensate Plaintiff or members of the Classes at one and one-half times their regular rate of pay for such hours.

55.    Defendants failed to conform their pay practices to the requirements of the law. This unlawful conduct includes but is not limited to (1) Defendants' unfair timekeeping and rounding/shaving practice, and (2) Defendants' policy/practice of automatically deducting 30 minutes from a meal period regardless of whether a 30-minute meal period was actually provided, and (3) Defendants' failure to include all forms of compensation, including, but not limited to, non-discretionary bonuses, incentive pay, and other forms of remuneration when calculating the "regular rate of pay" used in payment of overtime wages, all of which resulted in Plaintiff and the Classes not being paid all overtime wages owed.

56.    The foregoing policies and practices are unlawful and create entitlement to recovery by Plaintiff and the members of the Classes in a civil action for the unpaid amount of overtime wages,

13

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code §§ 204, 210, 510, 1194, and 1198, the applicable Wage Orders, and Code of Civil Procedure § 1021.5.

### THIRD CAUSE OF ACTION

**MEAL PERIOD VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

57.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

58.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to provide all of their hourly non-exempt employees, including Plaintiff and members of the Class, with all required meal periods in accordance with the mandates of the California Labor Code and applicable Wage Orders, for the reasons set forth in the Common Allegations section of this Complaint.

59.    Despite Defendants' violations, Defendants have not paid an additional hour of pay at the "regular rate of pay" to Plaintiff and members of the Class at their respective regular rates of pay for each violation, in accordance with *Ferra* and Labor Code § 226.7.

60.    As a result, Defendants are responsible for paying premium compensation for meal period violations, including interest thereon, statutory penalties, and costs of suit pursuant to the applicable Wage Orders, Labor Code §§ 226.7, 512, and Civil Code §§ 3287(b) and 3289.

### FOURTH CAUSE OF ACTION

**REST PERIOD VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

61.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

62.    Section 12 of the applicable Wage Orders and Labor Code §§ 226.7 and 516 establish the right of non-exempt employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

63.    Due to their unlawful rest period policy and practices, Defendants did not authorize and permit Plaintiff and members of the Class to take all rest periods to which they were legally entitled. Despite Defendants' violations, Defendants have not paid an additional hour of pay at the

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

"regular rate of pay" to Plaintiff and members of the Class at their respective regular rates of pay for each violation, in accordance with California Labor Code § 226.7.

64.     The foregoing violations create an entitlement to recovery by Plaintiff and members of the Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, and costs of suit pursuant to the applicable Wage Orders, Labor Code §§ 226.7 and 516, and Civil Code §§ 3287(b) and 3289.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

**(AGAINST ALL DEFENDANTS)**

65.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

66.     Labor Code 226(a) states in pertinent part the following:

> "(a) An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

67.     As set forth above, during the Class Period, Defendants issued and continue to issue wage statements to its employees including Plaintiff and members of the Wage Statement Subclass, which are inadequate under Labor Code Section 226(a).

68.     As a result of Defendants failure to pay Plaintiff and the Wage Statement Subclass for all regular and overtime wages, and missed meal and rest period premiums at the appropriate legal rate, Defendants failed to include required information on Plaintiff and the Wage Statement Subclass' wage statements, including, but not limited to, the gross wages earned, the net wages earned in

15

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

1  violation of Labor Code section 226(a)(1,2,5, and 9).

2      69.    Moreover, Defendants failed to include the legal name and address of the employer as

3  required by § 226(a)(8) and failed to all applicable hourly rates in effect during the pay period and

4  the corresponding number of hours worked at each hourly rate by the employee in violation of §

5  226(a)(9).

6      70.    Defendants' failure to comply with section 226(a) of the Labor Code was knowing

7  and intentional.

8      71.    As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff

9          and members of the Wage Statement Subclass in violation of section 226(a) of the California

10  Labor Code, Plaintiff and members of the Wage Statement Subclass are each entitled to recover an

11  initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate

12  penalty of $4,000 per Plaintiff and per every member of the Wage Statement Subclass from

13  Defendants pursuant to section 226(e) of the Labor Code, costs and reasonable attorneys' fees.

14                              **SIXTH CAUSE OF ACTION**

15                              **WAITING TIME PENALTIES**

16                              **(AGAINST ALL DEFENDANTS)**

17      72.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

18      73.    The actionable period for this cause of action is three years prior to the filing of this

19  Complaint through the present, and on-going until the violation is corrected or the class is certified.

20      74.    Labor Code §§ 201 and 202 require Defendants to pay all compensation due and owing

21  to Plaintiff and the Waiting Time Subclass during the actionable period for this cause of action at or

22  around the time that their employment is or was terminated or ended.

23      75.    Labor Code § 203 provides that if an employer willfully fails to pay compensation

24  promptly upon discharge or resignation, as required by Labor Code sections 201 and 202, then the

25  employer is liable for penalties in the form of continued compensation up to thirty (30) workdays.

26      76.    Defendants willfully failed to pay the Waiting Time Subclass for all hours worked,

27  including all minimum and overtime wages, sick time, vested and unused vacation time, and their

28

1  meal and rest period premiums at the "regular rate of pay", prior to or upon termination or separation

2  from employment with Defendants as required by Labor Code §§ 201 and 202.

3      77.    As a result, Defendants are liable to the Waiting Time Subclass for waiting time

4  penalties amounting to thirty (30) days wages for Plaintiff and the Waiting Time Subclass pursuant

5  to Labor Code § 203. *See,* e.g., DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon

6  termination entitles an employee to recover waiting time penalties).

7                    **SEVENTH CAUSE OF ACTION**

8                      **UNFAIR COMPETITION**

9                    **(AGAINST ALL DEFENDANTS)**

10     78.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

11     79.    Defendants have engaged and continue to engage in unfair and/or unlawful business

12  practices in California in violation of California Business and Professions Code § 17200 *et seq*., by

13  failing to pay for all hours worked including minimum and overtime wages, by failing to provide all

14  legally required meal and rest periods or pay premium payments at the "regular rate of pay" in lieu

15  thereof, by failing to provide accurate wage statements, and by failing to pay all earned wages at the

16  time of separation from employment.

17     80.    Defendants' utilization of these unfair and/or unlawful business practices deprived

18  Plaintiff and continues to deprive members of the Classes of compensation to which they are legally

19  entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over

20  Defendants' competitors who have been and/or are currently employing workers and attempting to

21  do so in honest compliance with applicable wage and hour laws.

22     81.    Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged

23  herein, Plaintiff for himself and on behalf of the members of the Classes, seeks full restitution of

24  monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or

25  converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

26     82.    The acts complained of herein occurred within the last four years immediately

27  preceding the filing of the Complaint in this action.

28     83.    Plaintiff was compelled to retain the services of counsel to file this court action to

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

1  protect his interests and those of the Classes, to obtain restitution and injunctive relief on behalf of

2  Defendants' current hourly non-exempt employees and to enforce important rights affecting the

3  public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which

4  he is entitled to recover under Code of Civil Procedure § 1021.5.

5  **EIGHTH CAUSE OF ACTION**

6  **PRIVATE ATTORNEYS GENERAL ACT**

7  **(Labor Code § 2698 et seq.)**

8  **(AGAINST ALL DEFENDANTS)**

9        84.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

10        85.    Defendants have committed several Labor Code violations against Plaintiff and other

11  non-exempt employees. Plaintiff, an "aggrieved employee" within the meaning of Labor Code § 2698

12  et seq., acting on behalf of himself and other non-exempt employees, bring this representative action

13  against Defendants to recover the civil penalties due to Plaintiff, other similarly non-exempt

14  employees, and the State of California according to proof pursuant to Labor Code § 2699 (a) and (f)

15  including, but not limited to (1) $100 for each initial violation and (2) $200 for each subsequent

16  violation per employee per pay period for those violations of the Labor Code for which no civil

17  penalty is specifically provided based on the following Labor Code violations:

18        a.    Failing to pay Plaintiff and other non-exempt employees for all hours worked,

19  including all minimum and overtime wages in violation of Labor Code §§ 204, 510, 1194, 1197,

20  1198, and 1182.12

21        b.    Failing to provide Plaintiff and other non-exempt employees with all of their

22  statutorily mandated meal periods or compensation at the "regular rate of pay" in lieu thereof in

23  violation of Labor Code §§ 204, 510, 558, 1194 and 1198;

24        c.    Failing to authorize and permit Plaintiff and other non-exempt employees with all

25  of their statutorily mandated rest periods or compensation at the "regular rate of pay" in lieu thereof

26  in violation of Labor Code §§ 226.7, and 516;

27        d.    Failing to timely compensate Plaintiff and other non-exempt employees with all

28  earnings at their separation of employment in violation of Labor Code §§ 201-203; and

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

1    e.    Failing to furnish Plaintiff and other non-exempt employees with complete,

2    accurate, itemized wage statements in violations of Labor Code § 226(a).

3    86.    On or about May 10, 2022, Plaintiff notified Decker Electric Co., via certified mail,

4    and the California Labor and Workforce Development Agency ("LWDA") via its website of

5    Defendants' violations of the California Labor Code § 2698 et seq., with respect to violations of the

6    California Labor Code identified in Paragraph 85 (a)-(e). Now that sixty-five days have passed from

7    Plaintiff notifying Defendants and the LWDA of these violations, Plaintiff will have exhausted his

8    administrative requirements for bringing a claim under the Private Attorneys General Act with respect

9    to these violations.

10    87.    Plaintiff was compelled to retain the services of counsel to file this court action to

11    protect their interests and the interests of other non-exempt employees, and to assess and collect the

12    civil penalties owed by Defendants. Plaintiff has hereby incurred attorneys' fees and costs, which he

13    is entitled to receive under California Labor Code § 2699.

14                                    **PRAYER FOR RELIEF**

15    **WHEREFORE**, Plaintiff prays for judgment for himself and for all others on whose behalf

16    this suit is brought against Defendants, as follows:

17    1.    For an order certifying the proposed Classes;

18    2.    For an order-appointing Plaintiff as representative of the Classes;

19    3.    For an order appointing Counsel for Plaintiff as Counsel for the Classes;

20    4.    Upon the First Cause of Action, for compensatory, consequential, general and

21    special damages according to proof pursuant to Labor Code §§ 204, 210, 510, and 1194;

22    5.    Upon the Second Cause of Action, for compensatory, consequential, general and

23    special damages according to proof pursuant to Labor Code §§ 204, 210, 510, 1194, and 1198;

24    6.    Upon the Third Cause of Action, for compensatory, consequential, general and

25    special damages according to proof pursuant to Labor Code §§ 226.7 and 512;

26    7.    Upon the Fourth Cause of Action, for compensatory, consequential, general and

27    special damages according to proof pursuant to Labor Code §§ 226.7 and 516;

28

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

8.      Upon the Fifth Cause of Action, penalties pursuant to Labor Code § 226(a), and reasonable costs and attorneys' fees;

9.      Upon the Sixth Cause of Action, for statutory waiting time penalties pursuant to Labor Code §§ 201-203;

10.     Upon the Seventh Cause of Action, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq*.;

11.     Upon the Eighth Cause of Action, for civil penalties due to Plaintiff, other non-exempt aggrieved employees, and the State of California according to proof pursuant to Labor Code § 2699 (a) and (f) including, but not limited to: (1) $100 for each initial violation and $200 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided under the Labor Code.

12.     Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

13.     For attorneys' fees and costs as provided by Labor Code §§ 218.5, 226, 1194, and Code of Civil Procedure § 1021.5; and

14.     For such other relief that the Court may deem just and proper.

Dated:   July 18, 2022                    **FALAKSSA LAW, P.C.**
                                          **BOKHOUR LAW GROUP, P.C.**


                              By: _____
                                  Joshua Falakassa, Esq.
                                  Mehrdad Bokhour, Esq.
                                  Anwar D. Burton, Esq.
                                  Attorneys for Plaintiff and the Putative Classes

**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT**

US POSTAGE

NEOPOST

FIRST-CLASS MAIL

$002.16

07/21/2022 ZIP 90067
0421 14825444

RECEIVED

AUG 01 2022

Bo Kyung Kim, Esq.
LEWIS BRISBOIS
333 Bush Street, Suite 1100
San Francisco, California 94104

**BOKHOUR LAW GROUP**
*A Professional Corporation*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Mehrdad Bokhour (SBN: 285256)<br>BOKHOUR LAW GROUP, P.C.<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067<br>TELEPHONE NO.: (310) 975-1493    FAX NO. *(Optional):* (310) 675-0861<br>E-MAIL ADDRESS *(Optional):* mehrdad@bokhourlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff Charles Hicks | **FOR COURT USE ONLY**<br>**ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**08/12/2022**<br>**Clerk of the Court**<br>BY: YOLANDA TABO-RAMIREZ<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

| | |
|---|---|
| PLAINTIFF/PETITIONER: Charles Hicks | CASE NUMBER: CGC-22-599591 |
| DEFENDANT/RESPONDENT: Decker Electric Co. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  [  ]  summons
    b.  [  ]  complaint
    c.  [  ]  Alternative Dispute Resolution (ADR) package
    d.  [  ]  Civil Case Cover Sheet *(served in complex cases only)*
    e.  [  ]  cross-complaint
    f.  [✓]  other *(specify documents):* First Amended Class Action and PAGA Complaint

3.  a.  Party served *(specify name of party as shown on documents served):*
        **Decker Electric Co., a California Corporation**

    b.  [✓]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
        **c/o Bo Kyung Kim of Lewis Brisbois, counsel for Defendant Decker Electric Co.**

4.  Address where the party was served:
    **333 Bush Street, Suite 1100, San Francisco, California 94104**
5.  I served the party *(check proper box)*
    a.  [  ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*          (2) at *(time):*
    b.  [  ]  **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1)  [  ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [  ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [  ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  [  ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or [  ] a declaration of mailing is attached.

        (5)  [  ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: **Charles Hicks** | CASE NUMBER: **CGC-22-599591** |
|---|---|
| DEFENDANT/RESPONDENT: **Decker Electric Co.** | |

5.  c.  [✓]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* **July 18, 2022**    (2) from *(city):* **Los Angeles**

    (3) [✓] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  [ ]  **by other means** *(specify means of service and authorizing code section):*

    [✓] Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ ] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify):*
  c. [ ] as occupant.
  d. [✓] On behalf of *(specify):* **Decker Electric Co.**
    under the following Code of Civil Procedure section:

    [✓] 416.10 (corporation)    [ ] 415.95 (business organization, form unknown)
    [ ] 416.20 (defunct corporation)    [ ] 416.60 (minor)
    [ ] 416.30 (joint stock company/association)  [ ] 416.70 (ward or conservatee)
    [ ] 416.40 (association or partnership)    [ ] 416.90 (authorized person)
    [ ] 416.50 (public entity)    [ ] 415.46 (occupant)
                     [ ] other:

7.  **Person who served papers**
  a. Name: **Carlos Garcia**
  b. Address: **1901 Avenue of the Stars, Suite 450, Los Angeles, California 90067**
  c. Telephone number:
  d. **The fee for service was:** $
  e. I am:
    (1) [✓] not a registered California process server.
    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ ] a registered California process server:
      (i) [ ] owner [ ] employee [ ] independent contractor.
      (ii) Registration No.:
      (iii) County:

8.  [✓] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **August 12, 2022**

**Carlos Garcia**        ▶       (SIGNATURE)
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mehrdad Bokhour (SBN: 285256)<br>BOKHOUR LAW GROUP, P.C.<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067<br>TELEPHONE NO: (310) 975-1493    FAX NO. (Optional): (310) 675-0861<br>E-MAIL ADDRESS (Optional): mehrdad@bokhourlaw.com<br>ATTORNEY FOR (Name): Plaintiff Charles Hicks | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN FRANCISCO**
STREET ADDRESS: **400 McAllister Street**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Francisco, CA 94102**
BRANCH NAME: **Civic Center Courthouse**

PLAINTIFF/PETITIONER: **Charles Hicks**

DEFENDANT/RESPONDENT: **Decker Electric Co.**

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-22-599591 |
|---|---|

TO *(insert name of party being served):* **Decker Electric Co., c/o Bo Kyung Kim of Lewis Brisbois**

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: **July 21, 2022**

Carlos Garcia
_____
(TYPE OR PRINT NAME)    ▶    _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐ A copy of the summons and of the complaint.
2. ☑ Other *(specify):* **First Amended Class Action and PAGA Complaint**

*(To be completed by recipient):*

Date this form is signed: **August 10, 2022**

Bo Kyung Kim, Esq.
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)    ▶    _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov